## MOODY vs. VREELAND.

Where *error in law* and *error in fact* are assigned together in one assignment of errors, the assignment is bad for *duplicity*, but advantage can be taken of such fault only by a *special demurrer*,

Whether the fact that a judge of a common pleas court, not being the first judge of the county or a counsellor of the supreme court, *signed* a judgment record in a case in which the costs were not limited by law, can be assigned for error? *Quere.*

If an error in fact *not assignable* be assigned, as that the court was not sitting on the day when the judgment by the record purported to have been given, the plea of *in nullo est erratum* is no confession of it, but operates as a *demurrer;* not so, if the error in fact be *well assigned;* then it is a confession.

DEMURRER to assignment of errors. Moody sued out a writ of error to reverse a judgment obtained by Vreeland against him in the Seneca common pleas. The record was returned to this court with a bill of exceptions. Moody put in an *assignment of errors*, assigning for error that the judgment record in the common pleas was *signed* by a judge, not being the first judge of the common pleas, nor the degree of counsel in the supreme court, (it appearing by the record that it was a case in which the costs were not limited by law,) and also that there was error in the record and proceedings, and in the giving of the judgment, because that by the record it appears that judgment was given for Vreeland, whereas it ought to have been given for him, Moody. To this assignment the defendant in error put in a *general* demurrer, and the plaintiff joined.

*J. H. Woods*, for defendant in error.

*J. McAlister*, for plaintiff in error.

*By the Court*, SUTHERLAND, J. The assignment is undoubtedly bad. The general assignment is of an error in law, the other of an error in fact. And it is settled that you cannot assign error in fact and error in law together. They are

distinct things, and require different trials.  Bac. Ab. tit. Error, vol. 2, p. 487, K. sec. 2.   1 Saunds. 101, q.   2 Ld. Raym. 882.   1 Strange, 439.   1 Sidf. 147.   1 Leon. 145.   1 Arch. Pr. 246.   2 Dunl. 1145.   But the proper way to take advantage of such assignment is by demurring to the assignment, on the ground of *duplicity.*   2 Bac. Abr. 487, Error, K. 2.   1 Arch. Pr. 248, *and cases cited above.*   Now *duplicity* can be reached only by a *special demurrer.*   1 Arch. 248.   1 Chitty's Pl. 513.   1 Saund. 337, b. note 3.   Bac. Abr. Pleas and Pleadings, K.   Comyn's Dig. Pleas and Pleadings, E. 2.   2 Johns. R. 433.   10 East, 73.   The authorities all consider the assigning of error in law and error in fact in one assignment as a case of duplicity in pleading, and not a misjoinder of counts.   A declaration will be held bad on *general* demurrer, or in arrest, or on error, in a case of misjoinder.   1 Chitty's Pl. 207.   2 Bos. & Pul. 424.   4 T. R. 347.   1 H. Bl. 108. But not so for duplicity.

But it is said that the assignment of error in fact is bad on the face of it, as impeaching the record.   Without considering whether it be or be not so, it is a sufficient answer to say that the demurrer *is to both assignments ;* and the general assignment being unquestionably good, the principle applies, that where there is a general demurrer to a declaration, containing both good and bad counts, judgment will be given for the plaintiff.   So, where several breaches are assigned in the declaration, some of which are well assigned, and others not, the plaintiff will have judgment upon general demurrer.   2 Saund. 380, note 14.   1 id. 286, note 9.   3 Caines' R. 89.   11 Johns. R. 54.   13 id. 264.   1 Will. 252.

If the assignment is bad, as impeaching the record, the defendant in error can avail himself of the objection under the general plea of *in nullo est erratum* .   So, if an error in fact that is not assignable, is assigned, and *in nullo est erratum* be pleaded, it is no confession of it, as if it be assigned that the court was not sitting on the day when the judgment purported to have been given, because that is against the record ; and in such case *in nullo est erratum* is only a demurrer.   Bac. Ab. Error, K. 2, *and cases there cited.*   But if an error in fact be *well assigned, in nullo est erratum* is a confession of it.

The plaintiff in error, therefore must have judgment upon the demurrer, but leave is given to the defendant to plead to the assignment on payment of costs.