Moody *vs.* Vreeland.

It cannot be assigned for error, that a record of judgment in the common pleas is signed by a judge not authorized by law to sign it; the remedy of the party in such case is by motion.

Error from the Seneca common pleas. Moody sued Vreeland in the common pleas, and on the trial of the cause was nonsuited. The defendant made up a record of the nonsuit, which was signed by P. A. Barker, one of the judges of the common pleas, he not being first judge of that court, nor of the degree of counsel in the supreme court. The fact of the record being signed by him was *specially* assigned for error, on the ground that by statute a record of judgment in a case like this could be signed only by the first judge, or by a judge of the common pleas of the degree of counsel in the supreme court. *Laws of* 1818, *p.* 281, § 10, 11, *re-enacted* 2 *R. S.* 282, § 35. There was also a *general* assignment of errors.

*F. S. Kinney,* for plaintiff in error.

*C. P. Kirkland,* for defendant in error.

The opinion of the court was delivered by the Chief Justice, who, after reviewing the evidence appearing on the bill of exceptions came to the conclusion that the plaintiff had given evidence *prima facie* sufficient to entitle him to recover, and that therefore the common pleas erred in nonsuiting him. As to the error *specially* assigned, he observed, another question in this case is, whether error lies because the record was signed by a judge who had no authority to tax the costs or sign the record in the particular case, though he had that authority in certain specified cases. That it was irregular to have the record so signed is conceded, but it is contended that the irregularity is amendable, and the party's remedy is by motion; it is also said to be waived by the bringing of a writ of error, that unless there is a record of the judgment there is

NEW-YORK, no foundation for a writ of error, and by bringing error the
May, 1832. party admits there is a record.   I think there is force in this
objection.   There either is or is not a record ; if a paper
Chamberlin purporting to be a record is placed upon the files of the court
v. which is not a record, the proper remedy to get rid of it
Cuyler. seems to be by motion.   Nothing can be assigned for error
which contradicts the record, 2 *Saund.* 101, *g ; a fortiori*,
it cannot be assigned for error that there is no record.   On
this point I think the plaintiff fails, but upon the merits the
court erred, and the judgment must be reversed.

Venire de novo to the Seneca common pleas, costs to
abide the event.