PATTERSON, et al. *vs.* COOK.

1. There is no rule which allows this court to dispense with the examination of a case, because the amount involved is small.

2. An appellate court, can only learn from the record, what the verdict below was; and the entry of what may be the true finding, cannot control or diminish the force of that which is stated in the record.

3. Verdicts informally returned may be corrected at the time, at the instance of the party injured, or if returned in consequence of instructions of the court—a bill of exceptions may be entered, and the decision thus examined.

4. If the jury mistake the law, a motion to set aside the verdict, and for a new trial, is the remedy.

5. It is sufficient if the verdict respond to the issue framed: it is not necessary to pursue the very words.

6. If the point in issue can be ascertained by the verdict, it is the duty of the court to mould it into proper form.

Error to the Circuit court of Wilcox.

Assumpsit on a promissory note.

The action, in this case, was brought in the County court, where judgment was rendered for defendants, on a plea of off-set, for one dollar and four cents. To reverse the judgment, the case was then taken, by writ of error, to the Circuit court, where the judgment was reversed, and the cause remanded to the County court.

A writ of error was then sued out returnable to this court, and the plaintiffs in error assigned the reversal as error.

Patterson, et al. *vs.* Cook.

*J. B. Clarke,* for plaintiffs in error.
*Phillips,* contra.

*Clarke,* for plaintiffs in error, stated that the transcript of a verdict different from that inserted in the judgment, was sent up from the County court, and the questions presented were:

1. Whether the court could consider the verdict so inserted, as any part of the record.

2. If not, whether the verdict so inserted in the judgment was sufficiently certain.

He contended that the verdict, as inserted in the transcript, was no part of the record, and relied on Mecclary vs. Cascaden, Minor's R. 20; Cunningham vs. Mitchell, 4 Randolph's R. 189; Root vs. Sherwood, 6 J. R. 69; Croswell vs. Byrne, 9 Ib. 287; 2 Dunlap's Prac. 651, 666. And that the court must look to the issues and the verdict as inserted in the judgment—(Pledger vs. Glover, 2 Porter's R. 174.) That the verdict was responsive to the issues, and sufficiently certain. No verdict is perfect until it is recorded, and made public. A verdict must be enrolled before it becomes part of the record.

GOLDTHWAITE, J.—The defendant in error, in this court, commenced his action in the County court of Wilcox county, against the plaintiffs in error, who pleaded the general issue and a set-off. The issues were submitted to a jury, who returned a verdict, which is thus entered in the minutes of the court: "upon their oaths do say, they find a verdict for the defendants, and assess their damages at one dollar and four cents." On this

·verdict, a judgment was rendered against the then plaintiff, for the sum so found, in favor of the then defendants. A writ of error was sued out to the Circuit court by the plaintiff in the action, and on assignment of error, the judgment was reversed. To reverse this, the original defendants here prosecute their writ of error.

It is much to be regretted, that so insignificant a sum should be the cause of so much litigation and expense to parties; but we know of no rule which allows us to dispense with the examination of a case, because the amount involved may be small. Parties are entitled to the considerate judgment of all courts, without regard to the sum in dispute; and principle may be as dear to him who is struggling against a demand for one dollar, which he supposes the law ought not to compel him to pay, as to another who is condemned in thousands.

For the plaintiffs in error, it is contended that the verdict of the jury, as it was actually returned by them, and which is certified with the record, shews that this balance was a sum due from another individual, to whom the note sued on was given, and that the plaintiff in the action ought not to be compelled to pay his debts, even if the law allows the note which he has become the lawful possessor of, to be offsetted in his hands.

Whatever may have been the verdict of the jury, we can only learn it, as an appellate court, from the language used in the record of that judgment which we are called on to correct; and the entry of that which may be the true finding, cannot control or diminish the force of that which is stated in the record.

If the verdict was returned in the form which is sup-

Patterson, et al. *vs.* Cook.

posed, it could have been corrected at the time, at the instance of the party supposing himself injured by it, or if returned in consequence of any instructions from the court, he could have tendered his bill of exceptions, and thus have secured to himself the means of examining the decision. Or if the verdict was the result of a mistake of the law by the jury, a motion to set aside the verdict and for a new trial, would in all probability have induced a correction of the supposed error.

As the case is presented, it must be examined in the terms of the verdict of record. It cannot be supposed that the legislature intended that a jury would ever pursue the identical words of the act authorising them to return a verdict in favor of a defendant, when he insisted by plea on a set-off—(Dig. 281.) It is sufficient if the verdict responds to the issue formed, and it is not necessary to pursue the very words: such has been the uniform course of practice in this court. If the point in issue can be ascertained by the verdict, it is the duty of the court to mould it into proper form. No one can infer from the terms of this finding, on the particular issues submitted, any other matter than that the plaintiff in the court below was indebted to the defendants, in the sum ascertained by them, over and above the sum by him demanded. If it was contrary to the fact, the plaintiff to the action could have corrected it more to his satisfaction in the County court, than by suing out his writ of error. If, in accordance with the fact, the verdict was warranted by law, and ought not to have been set aside—in either case, he is without remedy in this, as an appellate court. The judgment of the Circuit court is reversed, and that of the County court affirmed.