### RHODES & RIDER *vs.* BUNTS.

The entry of a *verdict* upon the record different from the actual finding of the jury, though such appears to be the fact by a return to a *certiorari* issued for that purpose, can not be assigned as error; the remedy of the party aggrieved is *by motion* and *not* by writ of error.

Where in *replevin* on a plea of *non cepit* and *property in a stranger*, the jury find a *general verdict* for the plaintiff, an entry upon the record of a finding for the plaintiff upon *both issues* is warranted by the verdict.

ERROR from the Chemung common pleas. *Herman Bunts* sued Rhodes and Rider in an action of *replevin* for taking and detaining a cow. The defendants pleaded severally *non cepit* and *property* in one *Conrad Bunts*, by virtue of an attachment against whom, the cow was taken.— The plaintiff took issue upon the pleas of property. The *record* stated that the cause was tried by a jury and that they found both issues in favor of the plaintiff, and assessed his damages at 12 cents besides costs, on which verdict, judgment was entered. The defendants sued out a writ of error, and *specially* assigned for error that by the record it appeared that the jury found that the cow was *not* the property of *Conrad Bunts*, but was the property of the *plaintiff*; whereas the jury did not in fact so find; and the defendants prayed a *certiorari* requiring the common pleas to certify the facts. A *certiorari* issued accordingly and the C. P. returned the *minutes of the trial*, whereby it appeared that the jury found for the plaintiff 12½ cents.

*A. S. Thurston*, for plaintiff in error.

*T. North*, for defendant in error.

*By the Court*, NELSON, C. J. It is insisted on the part of the plaintiff in error that the verdict is *imperfect* in not disposing of the *plea of property*, and that consequently the judgment is erroneous. There are two answers to this objection : *first*, the general verdict authorized the entry upon the record of a finding in favor of the plaintiff upon both the

issues, 2 Burr. 688, 6 Wendell, 268, 12 Id. 164; and *secondly* the defendants below cannot in this way contradict the record. If it had been improperly made up, they should have applied on motion to amend it, Bacon's Abr. tit. Error E; 1 Wils. 85; 7 Wendell, 55; 9 Id. 125; 2 Barn. & Cres. 362. The judgment must be affirmed.

Judgment affirmed.