## Claggett, plaintiff in error, *v.* Simes,

A demurrer, in whatever stage of the pleadings it is taken, reaches back in its effects through the entire record; and it is a general rule that upon demurrer the court will consider the whole record, and give judgment to that party, who, on the whole, appears to be entitled to it.

Upon a writ of error, nothing can be assigned for error which contradicts the record.

If an error in fact be well assigned, a plea of "*in nullo est erratum*" is a confession of it. If the defendant in error intends to dispute the truth of the assignment he should deny the fact and join issue thereon, and thus have the matter tried by a jury.

If an error in fact be assigned which is not assignable, or if it be ill assigned, "*in nullo est erratum*" is not a confession, but is taken only for a demurrer.

Irregularities in judicial proceedings are not grounds for error; but for amendment, on motion, by the court where the proceedings are had.

Where the plaintiff assigned for error that the judgment, to reverse which the writ was brought, and which purported to have been rendered and entered up against him, was entered up by the clerk of the court without the authority or order of the court—*held*, that the assignment was bad as contradicting the record; *held, also*, that the plea of "*in nullo est erratum*" did not confess the fact alleged, but was only in the nature of a demurrer.

Error, brought to reverse a judgment of the court of common pleas of this county, rendered at the February term, 1849, in favor of said Simes against said Claggett.

The record returned to this court by the common pleas, in response to the writ of error, is in due and usual form, and shows a judgment regularly and formally entered up by that court, at that term, in favor of the present defendant against the plaintiff in error.

At the December term of this court, 1854, the plaintiff in error had leave to amend his assignment of errors, and thereupon filed the following:

"Superior court of judicature, December term, 1854.

*William Claggett, plf. in error* v. *William Simes.*

New assignment of error, by leave of court.

The plaintiff strikes out all the special causes of error as•

signed and now by leave of court new assigns, instead thereof, the following, viz: For that there is error in this, viz: that in the said action of said Simes v. said Claggett, the said alleged judgment which purports to have been rendered and entered up as a judgment against said Claggett in favor of said Simes on the last day of the February term of the court of common pleas, Rockingham county, A. D. 1849, to wit, on the 9th day of March, 1849, was entered up by the clerk of said court without the authority or order of said court, which the said Claggett is ready to verify," &c.

To this assignment of errors the said Simes pleaded, in the first place, as follows: " And hereupon afterwards, to wit, at the term above named, the said William Simes comes here into court and says that there is no error either in the record and proceedings aforesaid, or in giving the judgment aforesaid; and he prays that the superior court of judicature may proceed to examine as well the record and proceedings aforesaid, as the matters aforesaid above' assigned for error; and that judgment aforesaid, in form aforesaid, given, may be in all things affirmed, and for his costs."

He further pleaded that the plaintiff in error ought not to maintain his writ, because " that after the judgment aforesaid, in form aforesaid, recovered, and before the day of suing out the said writ of error, to wit, on the first day of September, A. D. 1849, at Portsmouth, in said county of Rockingham, he, the said Claggett, released all errors in said judgment and estopped himself from setting up any errors in the rendition and giving of said judgment, by a writing under his hand and seal, bearing date the day and year aforesaid, and to the court aforesaid, now here shown, in the words and figures following, to wit: This indenture of two parts, made this first day of September, A. D. 1849, between William Simes of Portsmouth, in the county of Rockingham and State of New Hampshire, trader, of the one part, and William Claggett of Portsmouth, aforesaid, Esquire, of the other part; whereas said William Simes, by

the consideration of the justices of the court of common pleas for said county of Rockingham, at a term holden on the second Tuesday of February, A. D. 1849, recovered judgment (which said judgment was rendered on the ninth day of March, A. D. 1849,) against said William Claggett for seizin and possession of the following described parcels of land, situated in Portsmouth, aforesaid, bounded as follows . . . . . . . . . . . . . and has sued out a writ of possession against said Claggett, founded on said judgment, and dated the second day of June, A. D. 1849, and whereas said Simes has, by virtue of said writ, been this day put in possession of all the above described premises: Now this indenture witnesseth that for and in consideration of the covenants hereinafter reserved and contained on the part of said Claggett to be paid and performed, the said Simes doth hereby lease to the said Claggett all the above described premises, with all the privileges and appurtenances thereto belonging, to have and to hold the same to him, the said Claggett, for and during the term of one year from the date hereof, paying therefor to the said William Simes, his heirs and assigns, the sum of ten dollars for the rent of the same during said year. And the said Simes agrees that the said Claggett shall peaceably possess the premises during said term, without the lawful interruption or eviction of the said Simes, or any person claiming under him. And the said Claggett covenants and agrees to and with the said Simes, that he will pay to said Simes, his heirs and assigns, the said rent of ten dollars, and will at all times seasonably discharge all taxes which shall be assessed on said premises; and that he will at the end of said term peaceably deliver up to the said Simes, his heirs and assigns, the same premises, and every part thereof, in as good repair as they now are. And the said Claggett further covenants and agrees to and with the said Simes, that at the end of said term said Simes shall have full power and authority to enter and take possession of all and every part of said premises, with-

out any further process of law. In witness whereof we have hereunto interchangeably set our hands and seals, the day and year first above written. Signed and sealed by the parties, and duly witnessed.

And this the said Simes is ready to verify : Wherefore he prays judgment if the said Claggett ought further to prosecute or maintain his suit of error aforesaid against the said Simes, and for his costs."

To these pleas of the defendant, Simes, the plaintiff in error demurred.

*S. H. Goodall,* for the plaintiff in error.

The error assigned is error in fact; that the clerk entered up the judgment without the order or authority of the court. The plea is the general issue, *in nullo est erratum.* This plea admits the facts as alleged. *Bliss* v. *Rice,* 9 Johns. 159 ; *Harvey* v. *Rickett,* 15 Johns. 87 ; *Haggett* v. *Commonwealth,* 3 Met. 457 ; *Smith* v. *Rhodes,* 29 Maine Rep. 360 ; *Merrill* v. *Suffolk Bank,* 31 Maine Rep. 57.

If the plaintiff in error assign an error of fact, and the defendant in error would put in issue the truth of it, he ought to traverse or deny the fact, and so join issue thereupon, and not say *in nullo est erratum,* for by so doing he would acknowledge the fact alleged to be true. 2 Tidd's Prac. 1151 ; 1 Rol. Abr. 763. The plea of " *in nullo est erratum,*" is in the nature of a demurrer.

There was no judgment ; and all that was done was void. If the court ordered judgment entered it was error.

We say in the next place that double pleas are not allowable in writs of error. Thus " *in nullo est erratum,*" and a release of error cannot be joined. *Parker* v. *Gibson,* 1 Mass. Rep. 230 ; *Acker* v. *Ledyard,* 1 Den. 677 ; *Chapman* v. *Sloan,* 2 N. H. Rep. 464.

But even if the defendant is right in pleading double, we say that here was no release. The instrument pleaded and set forth is not a release of errors. A release of errors must

be a solemn agreement in writing, under seal, and entered into understandingly. It must have a consideration. Story's Eq. Pld. § 797.

If a party has collected a judgment, or has paid a judgment, he can, nevertheless, maintain error to reverse it. *Irwin* v. *Lowry,* 7 Howard's (U. S.) Rep. 184.

A satisfaction of a judgment is not a release of errors. A release of errors must state expressly the object and intent of the instrument, and must be executed for the express purpose of releasing all errors in the judgment.

The lease which was executed by the parties was at most but a satisfaction of the judgment. It set forth no errors in the judgment which the plaintiff in error agreed to release. It made no mention of any errors, and is without consideration. It simply gives possession of the premises for only one year ; and it gives only possession. It does not recite nor purport to release any errors whatever, and the plaintiff in error is not in any way concluded by the recitals respecting the judgment.

What are the covenants in the lease ? Simply that the plaintiff in error will pay a rent of ten dollars, and will pay all taxes, and at the end of the year will give up peaceable possession. Also, that Simes should have power, at the end of the term, to enter and take possession of all the premises without any further process of law. But there is no covenant that errors shall be released ; none that Claggett shall not deny the judgment, and none that Simes shall take possession in fee simple.

We think the court must come to the conclusion that this lease was no bar to the writ of error.

*Emery,* for the defendant in error.

The error assigned can be tried by the court only, and they are to say, from an inspection of the record, how the fact is. The record shows a judgment rendered in usual form. It was a judgment by agreement, understandingly

Claggett *v.* Simes.

entered into. It was entered upon the record of the court, in open court, in the presence of the counsel of the plaintiff in error; and in pursuance thereof a suit of possession issued, and the defendant in error was put in possession of the premises. This the pleadings show. The plaintiff in error, by the lease, has stated these facts. Shall this judgment stand, or shall the same be reversed?

The order of the court for judgment being duly recorded, and judgment entered accordingly, it must stand as the judgment of the court. The judgment being extended and made up according to the order of the court and the entry on the docket, it must be considered as the record of the court, and the sole evidence of the doings of the court. *Dudley* v. *Butler*, 10 N. H. Rep. 281.

Our second plea is allowable. The statute is broad enough to include all cases, writs of error, as well as others. *Parker* v. *Gibson*, 1 Mass. Rep. 230; *Chapman* v. *Sloan*, 2 N. H. Rep. 464.

The instrument which is set forth in the plea amounts to a release of errors. No particular form is necessary to operate as a release.

The lease amounts to an estoppel. The plaintiff in error executed this lease. In it the judgment is recited and recognized as an existing judgment. It is acquiesced in as such by the plaintiff in error, and he is now estopped from saying that this is all a fiction. He has recognized these facts as existing, and also the title acquired by the defendant in error, and he cannot now dispute that title. *Gray* v. *Johnson*, 14 N. H. Rep. 421.

Again, the defendant having thus acquiesced in the judgment for so long a time, and suffered a term of court to intervene, after he knew all the facts, without any movement, appealed to the court with his petition too late; and has especially, after a lapse of years, waived his right to proceed with this writ of error. *Harris* v. *Mullet*, 1 Taunt. 59; *Lloyd* v. *Hawkyard*, 1 Man. & Ry. 320; *Moore* v. *Stock-*

*well*, 6 Barn. & Cress. 76; *Downes* v. *Witherington*, 2 Taunt. 243; *Pearson* v. *Rawlings*, 1 East 77; *D' Argent* v. *Vivant*, 1 East 336; *Blanchard* v. *Goss*, 2 N. H. Rep. 491.

EASTMAN, J. The controversy between these parties has been before this court on several occasions, and the facts in regard to the matter are quite familiar to us. They will be found in *Claggett* v. *Simes*, 5 Foster's Rep. 402; and in *Lane* v. *Lane*, decided at the present term in this county.

In both of those proceedings, however, the object of the application was to set aside or vacate the judgment, which is now sought to be reversed by writ of error.

We are not now called upon to enter into any discussion of the alleged merits of the controversy, nor is it necessary for us to express any opinion in this case in regard to them. The judgment of the common pleas has not been vacated by any order of this court, and the repeated petitions to that effect which have been transferred to us, have been, upon full argument and consideration, denied. The judgment stands in due and regular form, and the record, as sent up by the common pleas upon this writ of error, appears to be perfect. It shows a judgment legally and formally drawn out, upon good and proper pleadings, and for a good cause of action. So far as an inspection of the record goes, there is nothing, either in law or in fact, tending to invalidate it.

But the plaintiff has assigned for error that this judgment, which purports to have been rendered and entered up as a judgment against him, was entered up by the clerk of the court of common pleas, without the authority or order of the court.

To this assignment the defendant in error has pleaded— first, *in nullo est erratum*, and, second, a release of errors; and the plaintiff has demurred.

It is a rule that on demurrer the court will consider the whole record, and give judgment to the party who, on the whole, appears to be entitled to it; for a demurrer, in what-

Claggett *v.* Simes.

ever stage of the pleadings it is taken, reaches back in its effect through the whole record, and in general attaches ultimately upon the first substantial defect in the pleadings, on whichever side it may have occurred, and judgment will be given against that party who committed the first error in substance. *LeBret* v. *Papillon*, 4 East 502; 1 Saund, 285, n. 5; 2 Salk. 519; 5 Coke 29, a.; 1 Cow. 316; 3 Cow. 96; 1 Strange 303; Bac. Abr. Pleas, &c., N. 3; 8 Cow. 709; Gould's Pl. ch. 9, § 36; 1 Saund. on Pld. and Ev. 499.

We have not considered the question whether the pleas of the defendant are objectionable on the ground of being double; nor whether the instrument set forth in the second plea can be construed as a release of errors. These questions we have passed over, because we regard the assignment of errors as bad and hopelessly incurable. We might remark, however, that the lease, reciting the judgment itself, the issuing of execution and possession under it, and covenanting to surrender the premises at the end of the year without any further process of law, was a very singular instrument to be executed, if the plaintiff in error had ever intended in any way to avoid the judgment. The possession which he himself held would seem to acknowledge the full effect and power of this judgment. But in regard to the force of this instrument as a release of errors, or as an estoppel to this writ, we give no opinion. The character of the error assigned makes it unnecessary. That being fatally defective, the subsequent pleadings are in a measure immaterial.

The error assigned is that the judgment was entered up by the clerk without the authority or order of the court. This assignment is a clear impeachment of the record, and therefore bad; for it is well settled that nothing can be assigned for error which contradicts the record. 1 Roll. Abr. 758; *Helbert* v. *Held*, 1 Str. 684; 2 Ld. Raym. 1414; *Bradburn* v. *Taylor*, 1 Wils. 85; *Hudson* v. *Banks*, Cro. Jac. 28; *Collingwood* v. *Lampton*, 1 Salk. 262; 2 Saund. 101,

q.; *Patterson* v. *Cook,* 8 Port. 66; *Wetmore* v. *Plant,* 5 Conn. Rep. 541; *Cook* v. *Conway,* 3 Dana 454; *Hill* v. *West,* 5 Yeate 385; 9 Wend. 125; 22 Wend. 369.

Bacon says that " the records of the courts of justice being things of the greatest credit, cannot be questioned but by matters of equal notoriety with themselves; wherefore, though the matter assigned for error should be proved by witnesses of the best credit, yet the judges would not admit it." 2 Bac. Abr. 219.

Also, " If a writ of error be brought upon a judgment in an inferior court, and the record certified is of a court held before the mayor, bailiffs and burgesses of A. by custom, it cannot be assigned for error that there is no such custom, for this is contrary to the record, and even what the writ of error itself supposes, viz, that they have a court." 2 Bac. Abr. 219; Cro. Jac. 359.

And again, " In a writ of error upon a judgment in the palace court held *coram Jacobo Duce Ormond,* it cannot be assigned for error that the duke was not there, because that is contrary to the record, though, in fact, the court was held before his deputy, according to the patent." 2 Bac. Abr. 219; *Molins* v. *Wheatly,* 1 Lev. 76.

In *Moody* v. *Vreeland,* 9 Wend. 125, it was decided that it cannot be assigned for error that a record of a judgment in the common pleas is signed by a judge not authorized by law to sign it; but that the remedy of the party in such a case is by motion. *Savage,* C. J., in delivering the opinion of the court, said : " another question in this case is, whether error lies because the record was signed by a judge who had no authority to tax the costs or sign the record in the particular case, though he had that authority in certain specified cases. That it was irregular to have the record so signed is conceded, but it is contended that the irregularity is amendable, and that the party's remedy is by motion. It is also said to be waived by the bringing of a writ of error; that unless there is a record of the judgment there is no founda-

tion for a writ of error; and that by bringing error the party admits there is a record. I think there is force in this objection. There either is or is not a record. If a paper purporting to be a record is placed upon the files of the court which is not a record, the proper remedy to get rid of it seems to be by motion. Nothing can be assigned for error which contradicts the record; *a fortiori*, it cannot be assigned for error that there is no record."

And in *Lovett* v. *Peel*, 22 Wend. 369, it was held by the court of errors of New York, that a special assignment of errors that the issues joined were not tried, is bad, as impeaching the record.

So far as our researches have gone, the authorities upon this point are uniform. Nothing can be assigned for error which contradicts the record.

It is said in argument, however, that the defendant in error, by his plea of "*in nullo est erratum,*" has admitted the fact as alleged in the assignment.

It is undoubtedly true that if an error in fact be *well* assigned, a plea of "*in nullo est erratum*" is a confession of it; for if the defendant in error intends to dispute the truth of the assignment he should deny the fact and join issue upon it, and thus have the matter tried by a jury. *Grell* v. *Richards*, 1 Lev. 204; *Okeover* v. *Overburgh*, T. Raym. 231; 1 Roll. Abr. 763, K.; Dyer 65, b.; 2 Saund. 101, s.; 2 Bac. Abr. 218.

But if an error be assigned which is not assignable, or if it be ill assigned, *in nullo est erratum* is not a confession, but is taken only for a demurrer. *Cole* v. *Green*, 1 Lev. 211; *Hayden* v. *Mynn*, Cro. Jac. 521; *Okeover* v. *Overburgh*, T. Raym. 231; 2 Bac. Abr. 218; 1 Roll. Abr. 758; 2 Ld. Raym. 1415, note; *Cross* v. *Tyer*, Cro. Eliz. 665; Fitz G. 109, 110; 2 Saund. 101, s.; *Moody* v. *Vreeland*, 9 Wend. 125; *Lovett* v. *Peel*, 22 Wend. 369.

In the last case cited, *Walworth*, Chancellor, says: the assignment for error that no such verdict was given as stated

in the record, no diminution being alleged, was not admitted by the joinder in error; it being an assignment against the record itself. And *Verplank*, Senator, in giving an opinion upon the question before the court of errors, as founded upon authority, as well as expressing his own opinion that the position was wholly untenable, uses this language : " If the assignment is bad, as impeaching the record, the defendant can avail himself of that objection under the general plea of *in nullo est erratum*. So if an error in fact that is not assignable be assigned, and *in nullo est erratum* is pleaded, it is no confession of it ; as if it be assigned that the court was not sitting on the day when the judgment purported to have been given ; because that is against the record, and in such case, *in nullo est erratum* is only a demurrer. But the error assigned was not assignable. A man cannot allege diminution contrary to the record which is certified. Nothing can be assigned for error which contradicts the record. The record is the highest evidence of the facts, and it is not to be presumed to be false from a mere inference of pleading. If there had been any such error beyond some trivial matter of form, it could be impeached or corrected in the court below." And the court of errors held in that case, that a special assignment of errors that the issues joined were not tried, is bad, as impeaching the record ; and that a plea of *in nullo est erratum* to such assignment operates as a demurrer, and not as a confession of the fact assigned as error.

The authorities cited by the counsel for the plaintiff in error will be found, upon examination, not to conflict with the views here expressed. They go no further than to show that it is for errors in fact *well* assigned that the plea of *in nullo est erratum* is a confession of the facts.

The error assigned by the plaintiff is a palpable contradiction of the record, as an inspection of it shows, and the plea, of *in nullo est erratum* is in no way a confession. The terms of the assignment itself, likewise, show that it is a

contradiction of the record, for it speaks of " the judgment which *purports* to have been rendered and entered up " as having been entered by the clerk without authority. It is not, therefore, an error for which a writ of error will lie, but an irregularity; and it belongs to that class of defects which are amendable in the court below. The court in which the irregularity occurs will readily grant relief if the application is seasonably made; and irregularities of this kind will always be corrected upon a proper case shown. This court have so said at this and at prior terms, in this very matter, between these parties. But the remedy of the party is by motion, and not by writ of error. If there has been any mistake in making up a record, the court, on application, will direct an amendment, and it can be altered or controlled in no other way. 3 Black. Com. 25; *Dudley* v. *Butler*, 10 N. H. Rep. 289; *Moody* v. *Vreeland*, 9 Wend. 125; *Lovitt* v. *Peel*, 22 Wend. 379; *Ex parte Weston & a.*, 11 Mass. Rep. 417; *Pierce* v. *Adams*, 8 Mass. Rep. 383; *Johnson* v. *Harvey*, 4 Mass. Rep. 485.

According to these views the judgment of the court below must be affirmed.