SAMUEL S. EATON, Appellant, *vs.* JAMES Y. CALDWELL, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The notice of a motion for a new trial, in open Court, or otherwise as prescribed by statute, does not *per se* stay proceedings or prevent the entry of judgment; in order to stay the entry of judgment the party moving must obtain an order to that effect from the Judge, but the motion for a new trial may be heard after judgment.

A Defendant in replevin justified under an execution, demanded a return of the property and *fifty dollars* damages for detention. The jury found a verdict in his favor, and *assessed the damages at seventy-five dollars.* Judgment entered thereon for a return, or in case the same could not be had, that he recover of Plaintiff seventy-five dollars, the value of the property: *Held*—that the judgment should be set aside, because the jury did not assess the value of the property, and found damages for the Defendant in a sum greater than he claimed in his answer.

The relief to which a Defendant in replevin is entitled to, is varied by the facts as the jury may find them; he may, if the property has been taken or detained from him, have a return of it to himself, with or without damages, for the taking or detention, as the jury may decide; or, if he thinks he will be unable to procure a return, from any cause, then he should have the jury assess its value, to which amount may be added damages for detention, as the jury may find; but he cannot recover more damages than he claims; nor can he assume the value of the property to be ascertained by the amount of damages found, where no assessment of value has been made.

The proper remedy where a party enters a judgment not warranted by the verdict, is by an application to the Court in which it is entered to correct the record, or vacate the erroneous judgment, and not by appeal or writ of error.

[The points and authorities of Counsel for Appellant are not on file.]

The following are the points and authorities relied upon by the Counsel for Respondent :

*First.*—In most States and in England a continued possession of chattels in the vendor is *conclusive* fraud in law. 1 *Smith's Leading Cases* 35 ; *Froves vs. Case*, 1 *Cranch* 309 ; 1 *Gallison* 419, 423; 4 *Mason* 312, 322 ; 3 *Cranch C. C.* 434 ; *Ib.* 354 ; *Ib.* 729 ; 3 *Cranch* 58 ; 3*d J. J. Marshall*, 643 ; 2*d Bibb.* 605 ; 5 *Dana,* 111, 119 ; 1 *Scammon* 296 ; *Ib.* 301 ; 2*d Stewart's Alabama* 54 ; 3*d Blackford* 309 ; 2*d Robinson's Virginia Reports* 280 ; precisely this case on the best view for the Plaintiff; 9 *Johns.* 337 ; 10 *Paige* 126 ; 16 *Wendell* 522.

And in all the States possession remaining in the vendor is *prima facie* evidence of fraud, and sufficient to go to the jury. 15 *Mass.* 244; 14 *Pick.* 264. It is hardly possible to show a stronger case of fraud.

*Second.*—The District Court was right in refusing to entertain a motion for a new trial after judgment entered.

Eaton v. Caldwell.

(*a*) The Clerk is directed by statute to enter a judgment on the coming in of the verdict unless the Court order the case to be reserved for further argument, &c., or grant a stay of proceedings, none of which has been done. *Statutes* 360, *Sec.* 67.

(*b*) A case too is contemplated to be made after judgment, and attached to the judgment roll, and thereafter forms a part thereof. *p.* 361, *Sec.* 75.

(*c*) Now the part of the revised statutes treating of new trials comes before the part treating of the judgment. *Page* 359, *Sec.* 63, provides for the hearing of the motion if made on certain grounds, *and the adverse party consent*, at the same term; otherwise a case must be made and then the motion must be made on a new and regular notice. In this case, it is true, notice of a motion for a new trial was given at the coming in of the verdict, but it was not acted on, and the motion was made on a case at another term; but in either case there was no stay of proceedings, and the judgment was regularly entered. But even if the Judge did err in refusing to entertain the motion, that is no ground for reversal unless error in the case be shown.

(*d*) After judgment entered a motion for a new trial cannot be made. The remedy is then by appeal. *Jackson vs. Chase*, 15 *Johns.* 354.

(*e*) But even were it otherwise, the prayer of the motion in this case would not be granted. To set aside the verdict would not offset the judgment already entered. The motion then must be first to set aside or vacate the judgment and for a new trial. 12 *Howard, p.* 285.

(*f*) The code has not altered the practice with respect to motions for a new trial. *Voorhies Code*, 5th *Ed.*, 325, *note a;* 1 *Code Reporter, New Series* 379.

*Third.*—The verdict of the jury is sufficient to sustain the judgment.

(*a*) The only issue in the case was title. *See pleadings.* Neither the *cepit* nor the *detinet* were in issue. Of course then a general verdict for the Defendant found property in the Defendant, and he is entitled to a return as matter of law.

The jury is not required to. find the conclusion of law that the Defendant is entitled to a return, and the statute only means that if they find such a verdict as necessarily shows the Defendant to be entitled to a return, the Defendant shall have judgment therefor.

(b) But the Defendant, even if there were other issues raised by the pleadings, having a general verdict, has a right to put it in form and enter a verdict on each issue. *Sprague vs. Kneeland*, 12 *Wend.* 161 ; 21*st Wend.* 19 ; 14 *Johns* 83, 86 ; 19 *Mass.* 316 ; 8 *Cowen* 651. And this putting the verdict in form on each issue may be done on appeal in bench, (8 *Cowen* 651, 652 ; 7 *Howard* 21 ; *Graham's Pr.* 774,) or it may be passed over without being actually amended. 4 *Johns.* 499.

(c) But this point should have been made below at *the time of the coming in of the verdict*, as it might then have been obviated by sending the jury out again, or other means, and not having been done cannot now be made. 6 *Cowen* 651.

*Fourth.*—The charge of the Judge that Plaintiff must prove a demand was correct. Tne action was *detinet*. The taking being wrongful does not waive proof of a demand, but is simply equivalent to it. The Judge did not charge that if the taking were wrongful a demand must still be proved, but simply that in *detinet* a demand was necessary. If the Plaintiff wanted a more specific charge on that point he should have asked it.

But the point is immaterial and purely speculative. It did not arise on the pleadings, the *detinet* being admitted, and the general verdict finds property in the Defendant so that the *cepit* or *detinet* are alike immaterial.

(a) But having taken no exceptions, and acquiesced in the correctness of the charge, he cannot waive the point here. 3 *Kernan* 341.

*Fifth.*—The pleadings may have been and certainly are faulty and incorrect enough on both sides, but evidence and pleas were admitted by stipulation, and the defects of the pleas cannot now be taken advantage of. The record shows a judg-

ment and execution. Of course they show a debt without affirmatively showing them unpaid.

*Sixth.*—Whether the judgment entered on the verdict was correct or not in taking the $75 damages for the value of the property, the Plaintiff cannot complain of it. The verdict would authorize an entry of judgment for a return *and* damages. The Defendant has entered one for a return, *or* the damages. The error, if any, is for the benefit of the Plaintiff, and he cannot complain.

*Seventh.*—The jury committed no error in finding damages for the Defendant. They are peculiarly the tribunal to decide on the question of damage, and may if they deem the replevin vexatious give smart money even. *Cobb vs. Dakin,* 20 *Wend.* 172.

*Eighth.*—The granting of a new trial is to a great extent a matter of discretion with the Court, and it will be refused, though the grounds taken are good if it be apparent that a new trial cannot change the result. 1 *Hill* 118. It certainly could not here. *See Froyn's Case,* 1 *Smith's L. C.*

*Ninth.*—The terms too of a new trial are matters of discretion with the Court, and unless granted for misdirection of the Judge, should always be on payment of costs. 2d *Cains* 253; 3d *Cowen* 342 ; 17 *Wend.* 501 ; 4 *Hill* 104.

*Tenth.*—Judgment too not being entered in conformity with the verdict, is not ground for a new trial. *See Statutes* 359. The proper remedy is by motion to the Court below to correct the error, and if the Court refuses then appeal from the order. No motion of that kind has been made. The judgment should be affirmed.

MURRAY & KING, Counsel for Appellant.

W. H. PECKHAM, Counsel for Respondent.

*By the Court*—FLANDRAU, J. This action was originally commenced in Justice's Court. The complaint was in replevin for the wrongful detention of a horse ; the value of the property was stated at one hundred dollars. The prayer of the

complaint was for the return of the property, and fifty dollars damages for the detention.

The Defendant justifies, as Sheriff of the County of Ramsey, under an execution against one Charles S. Cave and another, alleging that the horse was the property of said Cave, and not the Plaintiff, asks a return to him, and fifty dollars damages for the detention.

The case was tried in the District Court of Ramsey County, on appeal, and the Defendant had a verdict which was in these words : "The jury find a verdict in favor of the Respondent, and assess damages in the sum of seventy-five dollars." Upon this verdict the Defendant entered a judgment, reciting that the verdict of the jury had assessed the *value of the property* at seventy-five dollars, and adjudging a return thereof to the Defendant, or in case a return could not be had, that the Defendant recover of the Plaintiff and his sureties in the appeal, the sum of seventy-five dollars, the value of the property.

Upon the coming in of the verdict a motion for a new trial was noticed in open Court, but no stay of proceedings procured, and the Defendant perfected his judgment. When the motion was brought on for argument the Court held that it could not be entertained after judgment perfected. From the order denying the motion for a new trial and the judgment, this appeal is taken.

We think the Judge erred in refusing to entertain the motion for a new trial, as the statute on the subject of new trials found on pages 564–5 of the new edition of the statutes, defines what a new trial is, and for what causes it can be granted, and the mode of obtaining it, without indicating anything which would confine the making of the motion to a time previous to the entry of judgment. The giving notice in open Court, or otherwise as prescribed, of the motion, is not *per se* a stay of proceedings, and does not prevent the entry of judgment; if it is desired to stay the entry of the judgment the party moving must obtain an order to that effect from the Judge. The party in whose favor the verdict is rendered can proceed at once and enter his judgment, if he is

willing to waive his costs, and can enter it in two days after verdict, by giving his adversary the regular notice of taxation of costs.   It seems that the method pointed out by the statute for obtaining a new trial, concedes the point that a judgment may intervene before the hearing of the motion, as the time allowed for the preparation of a case by section 61, is greater than the time within which the successful party is entitled to his judgment.   To hold the rule contended for by the Respondent, that a motion for a new trial can only be heard before judgment, would in almost all cases preclude the possibility of making the motion when it was founded on the causes mentioned in subdivisions 1, 2, 3 and 6 of section 58, as they are seldom discovered until after the trial has long been over and judgment perfected.   The cases cited in support of the doctrine urged by the Respondent, were decided upon a rule of Court, which does not exist here.

This however is not the principal question in the case.   The jury did not assess the value of the property at all, and found damages for the Respondent in a greater sum than he claimed in his answer, to wit: seventy-five dollars, when he demanded but fifty, and he took a judgment for a return of the property, or if it could not be returned then for the value thereof, fixing it at seventy-five dollars, against the Plaintiff and his sureties. The relief which a Defendant is entitled to in an action of this nature is varied by the facts as they may be found by the jury ; he may if the property has been taken or detained from him, have a return of it to himself, with or without damages for the taking or detention as the jury may decide ; or if he thinks that he will be unable to procure a return of the property from any cause, then he should have the jury assess its value, in order that he may recover that in lieu of the article itself, to which amount may be added damages for the taking or detention as the jury may find.   But a party cannot recover more damages than he claims, nor can he assume the value of the property to be ascertained by the amount of damages found, where no such assessment is made, as he has done in this case.

If the Respondent was satisfied with a judgment for the

return of the property and damages, his proper course would have been to have remitted the excess, and taken judgment for the amount claimed, with a return; and if he desired the alternative judgment for the value of the property, in case a return could not be had, he should have insisted upon the jury assessing the value that he might predicate his judgment upon their finding.

The Respondent in this Court claims that he had a right to put the general verdict in form, as it was a finding of all the issues in his favor. This is true to a certain extent. The cause having been tried upon the issue of title to the property, and that alone, a general verdict for the Defendant would entitle him to a return of the property, and he might put his verdict in form so as to enter his judgment to that effect; but such a verdict would furnish no basis for an alternative judgment for the value of the property in case a return could not be had, and it cannot be called putting a verdict in form, to adopt the amount of damages found, as such a basis. This would be going entirely outside of the issues, and supplying a material fact not passed upon by the jury. Under the pleadings they could not give the Defendant but fifty dollars damages; they found seventy-five; but it does not follow by any means that the jury decided that to be the value of the horse. Therefore that part of the judgment which orders a recovery of seventy-five dollars against the Plaintiff, is matter that the jury have not in any way by their verdict allowed. They could not allow it as damages, and have omitted to assess the value of the property at all. For authority to put a general verdict in form see *Sprague vs. Kneeland*, 12 *Wend*. 161; 21 *Wend*. 19; 14 *John*. 83, 86; 8 *Cowen* 651.

The proper remedy where a party enters a judgment not warranted by the verdict, is by an application to the Court in which it is entered to correct the record, or vacate the erroneous judgment and not by appeal or writ of error. *Rhodes & Rider vs. Bunts*, 21 *Wend*. 19; *Moody vs. Vreeland*, 9 *Wend*. 125. The motion which the Court below refused to entertain was not to set aside the erroneous judgment, but

was aimed exclusively at the verdict. We think, however, that as the Court erred in its decision upon the motion, and the order is properly before us, we will *in this case* set aside the judgment and award a *venire de novo*.

However erroneous the charge of the Judge may have been on the subject of a demand before the action could be maintained, the amendments to the case which were adopted by the operation of *section* 61, *page 565, new edition of the statutes*, show that it was not excepted to, and is therefore not the subject of review here. New trial ordered.