JOSEPH DANIELS, Plaintiff in Error, *vs.* JAMES M. WINSLOW,
Defendant in Error.

The Supreme Court will entertain a motion to purge a record of any matter or paper improperly in-
cluded in it, and will receive affidavits of any facts *dehors* the record necessary to obtain a full
knowledge of how the record has been made up.

Sufficient facts having been elicited on such a motion to induce the Court to believe that counsel for
a party to the action had not received proper notice of the settlement of the bill of exceptions, the
bill was stricken out.

A defendant, by not objecting to the competency of evidence offered on the trial of a cause, may
allow the plaintiff to cure defects which may exist in his pleadings; and a verdict rendered upon
sufficient evidence so received will not be disturbed on writ of error to this Court, if the complaint
alone will sustain the verdict.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The issues raised in the pleadings, and the facts in the case,
are fully stated in the Opinion.

The following are the points and authorities relied upon by
counsel for the Plaintiff in Error:

*First.* Notwithstanding the verdict, the Plaintiff in Error
was entitled to judgment on the pleadings, for these reasons:

1. The Plaintiff below cannot recover in this form of action.
He should have sued upon the special contract.

2. The subsequent pleadings will not cure the defects or
omissions of the complaint.

3. An action cannot be maintained for money had and re-
ceived for the value of property, paid upon a contract under
seal. The count for money paid and advanced, cannot be sus-
tained without proof of an actual payment in money. 8 *John.*
202; 5 *Rawle,* 91; 1 *Steph. Nisi Pri.* 316; 7 *Serg. & Rawle,*
246; 14 *ib.* 179; 2 *Stark's Evid.* p. 71, note 2—pp. 72, 91, 92,
note *a;* 2 *Steph. Ni. Pri.* pp. 297–9, two notes; 14 *John.* 326;
13 *ib.* 94; 19 *ib.* 205; 12 *ib.* 274; 9 *Cow.* 46; 4 *ib.* 564; 4
*Barb.* 354.

4. The answer sets forth a contract under seal, which is a
bar to the recovery under the complaint. The reply admits
the contract, but says it was varied by a *subsequent parol con-
tract;* which could not be, for a parol contract cannot vary a

contract under a seal. 13 *Wend.* 715; 21 *ib.* 628; 10 *ib.* 180; 11 *ib.* 28; 9 *ib.* 336.

5. The complaint is for money paid and advanced. The reply shows it was for the value of town lots, notes and orders on other parties, and other property, which Plaintiff below cannot recover in this action. *Chit. Contracts* (*9th Am. Ed.*); pp. 529, 619–20.

6. This was a contract to pay in *labor*, not in *money;* and the Plaintiff seeks to change the nature of the agreement, and force the Defendant to pay in money.

7. Both parties having enjoyed some benefit from the contract, neither could rescind it.

8. If the Plaintiff could not recover on the covenants, he cannot on the common counts, for money paid.

*Second.* The District Court erred in overruling the motion to dismiss the action.

*Third.* The District Court erred in permitting the Plaintiff below to offer any evidence to show the special contract was rescinded, when he had omitted to allege the same in his complaint or reply.

*Fourth.* The District Court erred in refusing to charge the jury "that if they (the jury) should find from the proofs or pleadings that there was a special contract in relation to the matters in controversy existing between the parties, then the Plaintiff below could not recover in this form of action."

*Fifth.* The Court erred in permitting the Plaintiff to give any testimony of a parol agreement that varied the terms of the contract under seal. .

*Sixth.* The Court erred in permitting the Plaintiff to prove the consideration of the verbal agreement.

*Seventh.* The Court erred in permitting the Plaintiff to prove that he paid the Defendant in property instead of money.

The following are the points and authorities relied on by counsel for Defendant in Error:

*First.* The only manner in which the Plaintiff in Error could have availed himself of the exceptions and reservation

of questions of law at the trial below, was by the mode pre-scribed by statute. It is provided that in such cases the party aggrieved may move to vacate the verdict or other decision, and for a new trial for "error in law occurring at the trial *and excepted to* by the party making the application." *Rev. Stat., p.* 359, *Sec.* 49, *subd.* 7.

In such cases the motion is made upon the Judge's minutes, or a statement of the case prepared as prescribed in the next section *id. Sec.* 60. By sections 61 & 62, the mode of prepar-ing a statement of the case and the time for making applica-tion for a new trial is prescribed.

As to the mode of preparing exceptions, *vide id. p.* 358, *Sec.* 55, 56 & 57.

*Second.* But no statement of the case was ever settled as is required by law. *Vide id. Sec.* 56 & 63.

*Third.* No points reserved or excepted to were particu-larly or otherwise stated and delivered in writing to the Judge presiding at the trial, or entered on his minutes and corrected or added to until conformable to the truth. *Vide Sec.* 56.

*Fourth.* No motion for a new trial has been made. *Vide Sec.* 62, *p.* 414, *Sec.* 8, *Session Laws of* 1856, *p.* 14, *Sec.* 18, *Morgan vs. Bruce,* 1 *C. R.* (*N. S.*) 364; *Hastings vs. McKinley,* 3 *C. R.* 10; *Leggett vs. Mott,* 3 *C. R.* 5; *Cirt vs. N. Y. Dry Dock Co., ib.* 118, 141; *Nones vs. Hope Mutu. ins. Co., ib.* 192; *Enos vs. Thomas,* 1 *Code R., N. S.,* 67; *Graham vs. Millman,* 4 *Pr. R.* 435; *Lusk vs. Lusk, ib.* 418.

*Fifth.* Where the contract is recinded for the total failure of one party to perform and the other has already paid a sum on the contract, this form of action will lie. *Chit. Con.,* 544, 548.

The fact of the contract being under seal makes no differ-ence. *Ib.*

*Sixth.* The time of performance of a specialty may be altered by parol. 3 *Johns.* 528; 9 *Peck.* 298; 2 *Wen.* 588; 14 *Johns.* 330; 7 *Wen.* 28.

*Seventh.* Property paid or received as money, will support the action for money had and received or paid. 7 *Cow.* 662.

JAS. SMITH, JR. & H. L. Moss, Counsel for Plaintiff in Error.

D. C. COOLEY, Counsel for Defendant in Error.

The Chief Justice having been counsel in this cause, took no part in the decision in this Court.

*By the Court*—FLANDRAU, J. The Complaint in this action states simply, that the Defendant Daniels is indebted to the Plaintiff Winslow in the sum of Two Thousand and Fifteen Dollars, for money paid and advanced to said Defendant by said Plaintiff at the instance and request of the Defendant, and also for the further sum of One Thousand Dollars the value of a certain house sold by Plaintiff to Defendant, and demands judgment against Defendant for the amount. The answer denies the indebtedness, and sets out a sealed contract between the Plaintiff and Defendant, by which the Defendant was to erect for the Plaintiff a public house in Saint Paul by the first day of June 1852, for the sum of $7,900 to be paid in instalments of money, land, and a house, and claims that the Plaintiff violated his contract to the damage of the Defendant of $3500.

The Reply admits the making of the contract, alleges some changes by parol, full performance on the part of the Plaintiff as far as required, and a readiness to fulfill, and charges a violation on the part of the Defendant, and an intention to defraud the Plaintiff out of the first payments, and not to fulfill.

On this issue the cause was tried, and a verdict rendered for the Plaintiff for $2,819 85 on the 25th of March 1854.

It seems that some exceptions were taken to the evidence offered by the Plaintiff, but were suffered to remain in an unsettled condition for several years, when they were put into the shape of a bill of exceptions and presented to the Judge who tried the case below, for his approval and settlement, without any proper notice to the Plaintiff's Counsel, or opportunity to him to propose amendments. The Judge signed the bill, and appended a certificate, that he had examined it, and found it conformable to the truth, and dated the signature and certificate back to the time of the trial.

The facts concerning the manner in which this Bill of Exceptions was prepared, were on the argument of this cause in this Court, presented by the Plaintiff's Counsel, by affidavit, in a motion to strike out the Bill, as no part of the record of the cause. This Court will entertain a motion to purge a record of any matter or paper improperly included in it, and will receive affidavits of any facts *dehors* the record, necessary to obtain a full knowledge of how the record has been made up. Sufficient facts having been elicited on the motion to strike out the Bill of Exceptions, to induce the Court to believe that the Counsel for the Plaintiff [had not received proper notice of the settlement of the bill, it was stricken out, which leaves the case to stand or fall on the pleadings, verdict and judgment, as if no exceptions had been reserved on the trial. The Counsel for the Plaintiff in Error insisted with much zeal and ingenuity, that the pleadings presented a case which entitled the Defendant to judgment, and that no testimony could be admitted under them. This Court does not intend to sanction the manner of pleading which has been adopted by the Plaintiff in this case, but on the contrary pronounce it very inartificial in form, and defective in substance, and would feel inclined to hold it fatally so, were there no auxiliary circumstances to sustain it. We gather from the record, without the Bill of Exceptions, that the whole merits of the case were gone into on the trial, and were submitted to the jury and passed upon by them in detail, by way of written questions propounded by the parties, and responded to by the Jury, in which they find against the Defendant all the issues raised by the pleadings. This Court is bound to suppose and presume that there was sufficient testimony to warrant the Jury in so finding, and whether such testimony was properly admissible under the pleadings or not, cannot be made a question here, in the absence of objections taken, and reserved at the trial: a Defendant by not objecting to the competency of evidence offered on the trial of the cause, may allow the Plaintiff to cure many defects which exist in his pleadings and a verdict rendered upon sufficient evidence so received, will not be disturbed on Writ of Error in this Court, if the Complaint alone will sustain the verdict. We

think that the defects in the pleadings could be aided by the verdict, and have been cured, and that the judgment should be affirmed with costs.