Taylor v. Parker.

## August Taylor

*vs.*

## Rodney Parker.

In this action, which was instituted before a justice of the peace, plaintiff delivered to the justice an account containing various items of debit and credit and headed as follows : ."Rodney Parker To August Taylor, Dr." The debits and credits were respectively footed up, and the balance due plaintiff struck. The account was subscribed by plaintiff, and at the foot of it was the following : "Subscribed and sworn to before me, this 12th day of May, 1869.' (Signed) H. M. Dodge, Justice of the Peace." *Held,* that the complaint does not fail to state a cause of action under sec. 28 ch. 65, Gen. St.

*Held* further, that two trials having been had upon the pleadings, (complaint, answer and reply) as they stand, without objection, and it appearing that a good cause of action in plaintiff has been proved, the objections that the complaint is not sufficient, nor properly verified, which, so far as appears, are made for the first time in this court, will be disregarded.

The case having been tried upon the theory that a certain item of rent, as a counter-claim, was in issue, the defendant himself having introduced evidence to prove it, his objection, that upon the pleadings it is not denied, will not be allowed to prevail.

Examination of section 9, ch. 66, Gen. St., which relates to the limitation of actions brought to recover a balance due upon a mutual, open and current account, as applicable to the facts appearing in this case. The account in this case held to be mutual, each party having an account against the other, open and current ; that is to say, not closed, settled or stated, but running. *Held,* also, that there were reciprocal demands between the parties ; that is to say, there were cross-demands, something upon which either party could sustain an action.

Leyde vs. Martin, 16 Minn., distinguished from this case.

This cause comes to this court by an appeal, taken by the defendant, from an order denying a motion to set aside the report of the referee before whom it was tried, and for a new trial. The case is fully stated in the opinion of the court.

LAMPREYS, for Appellant.

P. DeROCHBRUNE, for Respondent.

*By the Court.*—BERRY, J.—This action was instituted before H. M. Dodge, Esq., a justice of the peace. The plaintiff delivered to the justice an account containing various items of debit and credit, and headed as follows :

"Rodney Parker To August Taylor, Dr."

The debits and credits were respectively footed up, and the balance due plaintiff struck. The account was subscribed by plaintiff, and at the foot of it was the following: "Subscribed and sworn to before me, this 12th day of May, 1869. (Signed) H. M. Dodge, Justice of the Peace."

Defendant put in an answer, to which plaintiff replied. A trial was had before the justice, from whose judgment the case went by appeal to the common pleas for Ramsey county, where it was referred to Orlando Simons, Esq. The case went to trial before the referee, who reported a judgment in favor of plaintiff for $35.35, with interest and costs. The case comes to this court on appeal from an order of the common pleas refusing to set aside the report of the referee, and grant a new trial.

The defendant insists that the complaint does not state facts sufficient to constitute any cause of action. Sec. 28, ch. 65, Gen. Stat., provides, that when a cause of action in justice's court arises upon an account, it is sufficient for the party to deliver the account to the court, and to state that there is due

to him thereon from the adverse party a specified sum which he claims to recover.

In view of this provision of statute, we think it cannot be said that the complaint, (though it is not fully up to the mark) states no cause of action. It is also urged by the defendant that the complaint was not verified; but we shall not stop to inquire whether there was a sufficient verification or not. The objection to the complaint as not stating a cause of action, and the objection to the verification, or want of verification, are, so far as appears, made for the first time in this court, though the action has been twice tried, once before the justice, and again before the referee, and the parties have on both occasions gone to trial upon the pleadings as they stand, without objection; while the settled case, and the report of the referee, would seem to show that a good cause of action in the plaintiff has been proved. Under these circumstances, whatever might have been the weight of defendant's objections, had they been made in time, they must be disregarded now. *Holgate vs. Broome*, 8 *Minn.* 247; *Taylor vs. Bissell*, 1 *Minn.* 228; *Daniels vs. Winslow*, 2 *Minn.* 117.

One defence set up in the answer was a counter-claim for house rent. Plaintiff in his reply denies every allegation of the answer, with certain admissions, among which is an admission that "the house rent was given for $35 of repairs put on said house by plaintiff." Defendant contends that the item for rent is thus admitted to have accrued, and that, as there was no evidence of the payment thereof by the repairs pleaded in the reply, the referee should have allowed the amount of said item ($20.00) in favor of defendant. On what ground the referee disallowed it, does not distinctly appear.

It seems to us, that there was some evidence tending to support plaintiff's allegation, that the rent was paid by the repairs, but if we are mistaken as to this, it is a sufficient an-

swer, that the case was, without objection, tried upon the theory that the item of rent was in issue, the defendant himself having introduced evidence in chief to support it. See *Whalon vs. Aldrich*, 8 *Minn.* 348 ; *Mapes vs. Bd. of Comrs.*, 11 *Minn.* 368.

The only other point made by defendant is based upon the facts following : The account before spoken of as delivered by plaintiff to the justice, and upon which this action was brought, contained seventeen items of debit, mostly for work, appearing upon the account to have been performed at different times from the winter of 1861 and 1862, down to Feb., 1869. Said account also contained four items of credit under dates from March, 1867, to Oct., 1868, two of which were for cash, one for wheat, and the other for straw. Defendant in his answer admitted six of said items of debit in full, and a seventh in part; said items so admitted having been charged upon said account under different dates from 1866, to Feb., 1869.

Defendant in his answer also admitted the correctness of said items of credit, except that he claimed a few cents more for the wheat than was allowed by plaintiff, and except that he claimed that no part of said credits was furnished to plaintiff before the winter of 1867, and 1868. Defendant also set up, by way of counter-claim, an account against plaintiff containing nine items of debit, part of which were the same as contained in the items of credit before mentioned, and most of which were undated. Some of these nine items are admitted by plaintiff in his reply.

This action was commenced in May 1869. Defendant pleaded the statute of limitations to the second item of the complaint, which was work, charged in plaintiff's account to have been performed in the " winter of 1861 and '62," and which was found by the referee to have been performed, " be-

tween the years 1861 and 1862," and was allowed by the referee to the extent of $2.00. The question is, did the statute bar this item, so that the referee erred in allowing the same ?

Section 9, ch. 66, Gen. Stat. enacts, that, "In an action brought to recover a balance due upon a mutual, open, and current account, when there have been reciprocal demands between the parties, the cause of action is deemed to have accrued from the time of the last item proved in the account on either side."

The referee in this case appears to have allowed, in whole, or in part, twelve of the items of debit in plaintiff's account, and to have found that the same were furnished or performed at different times from the winter of 1861, and 1862, down to Feb., 1869.

The referee has also allowed seven items of debit in defendant's account, and has found that the same were furnished to plaintiff at " divers times prior to the first day of April, 1869," and during the period last above stated.

The referee has not found, in so many words, that this action is brought upon such an account as is referred to in the statute above cited, but it is manifest from the testimony (which is all reported,) that the referee could properly allow the $2.00 item, only upon the theory that the account was of that nature; and upon this ground, we think the referee was right. The account was "mutual;" that is to say, each party had an account against the other; it was " open and current;" that is to say, it was not closed, settled, or stated, but running; there were reciprocal demands between the parties; that is to say, there were cross-demands, something upon which either party could sustain an action. *Peck vs. N. Y. and L. Steamship Co.,* 5 *Bosworth* 226, *and cases cited ; Penniman vs. Rotch,* 3 *Met.* 216 *; Chamberlain vs. Cuyler,* 9 *Wend.* 125 *; Angell on Limitations,* § 147 *et. seq.*

Taylor v. Parker.

What is *decided* in Leyde vs. Martin, 16 Minn. upon the question of interest involved in that case, is not authority (as is contended) for the position that the account in this case is not an open account. When the statute says, that, " the cause of action is deemed to have accrued from the time of the last item, &c.," its meaning is, that the *limitation shall begin to run* from the time of the last item, for the subject in hand is the limitation of actions. It does not mean that there may not be cases in which it shall be proper to allow interest on some part of an account from a date anterior to the date of the last item. It is very easy to conceive of cases where interest ought to be so allowed. When, then, this court held in Leyde vs. Martin, that there was no reason to disturb the referee's allowance of interest from a date anterior to the date of the last item of the account, it did not follow that the account in that case was not an open account within the meaning of the statute under consideration.

The evidence in Leyde vs. Martin, not being reported, the court could not say that the referee had not been warranted by the facts of the case in allowing interest as he did, and as he well might, if our construction of the statute is correct. It will also be seen that in that case the expression " open account" seems to have been used by the judge of the court below, (from whom it is quoted,) as conveying the idea of an account " carrying an unlimited credit." That is not the exact sense in which we think it is used in the statute, though in *that* sense there was, perhaps, no very serious objection to the use made of it in that case.

Order denying a new trial affirmed.