### SMYTHE v. GOODE

#### (113 S. E., 690)

1. SALES—DIRECTION OF VERDICT INVADING PROVINCE OF JURY HELD PROPERLY REFUSED.—In an action for the purchase price of growing crops sold to defendants, it was not error to refuse to direct a verdict for plaintiff on the ground that the contract, if rescinded, was rescinded because of representations of defendants' attorney as to a defect in title of land sold defendants by plaintiff under a separate contract, since the direction of such verdict would have constituted an invasion of the province of the jury.

2. SALES—ACTUAL OR CONSTRUCTIVE DELIVERY OR TENDER OF PERFORMANCE NECESSARY TO RECOVERY OF PURCHASE PRICE OF GOODS SOLD.— In an action for the purchase price of growing crops sold, plaintiff was not entitled to recover the contract price, without showing either performance, a delivery, actual or constructive, of the property sold, or a readiness and willingness to tender the property at time of performance.

Before BOWMAN, J., York, February, 1922. Affirmed.

Action by W. R. Smythe against W. B. Goode and John P. Goode. Judgment for defendants and plaintiff appeals.

*Mr. J. Harry Foster,* for appellant, cites: *Relief from mistake of law:* 1 Hill, 251; 35 S. C., 243; 67 S. C., 285; 2 DeS., 144; 3 DeS., 84; 1 Hill, 25; Bail. Eq., 344; 2 Bail., 623; 2 McC. Ch., 455; 67 S. C., 284; 55 Am. St. Rep., 577; 5 L. R. A., 152. *Reformation of contract:* 115 S. C., 504; 21 S. C., 226; 100 S. C., 157; 9 S. C., 20; 46 S. C., 220; 2 Strob. Eq., 148; Bail. Eq., 494; 69 S. C., 91; 108 S. C., 417; 78 S. C., 419. *Release based on wrong information is voidable:* 106 S. C., 200; 110 S. C., 534. *Mistake that will avoid a contract:* 12 L. Ed., 1028; 13 L. Ed., 44; 2 Pom. Eq. Jur., 311; 2 Bail. L., 623; 1 Hill Ch., 242. *Jury ignored the law as charged:* 68 S. C., 523; 16 S. C., 14. *Duty of mortgagee as to payment of taxes:* 66 S. C., 22.

*Messrs. John A. Marion* and *Dunlap & Dunlap,* for respondents, cite: *Relief from mistake of law:* 5 L. R. A., 154; 67 S. C., 284; 35 S. C., 243; Pom. Eq., 85; 39 Cyc., 1358. *Contract voluntarily rescinded and no action could be founded on it:* 39 Cyc., 1358; 24 R. C. L., 276. *Seller must elect his remedy:* 98 S. C., 400. *Must be delivery to sustain suit for purchase price:* 24 R. C. L., 90.

September 26, 1922.

The opinion of the Court was delivered by Mr. Justice Marion.

On August 20, 1920, W. R. Smythe sold to W. B. Goode and John D. Goode a certain tract of land for $10,000.00, and the growing crops thereon for $2,500.00. There were two contracts in writing, one referring to the land, and the other to the crops. It was understood that, if the real estate contract failed of consummation, the sale of the crops was not to become effective. The Goodes employed W. M. Dunlap, Esq., an attorney of high standing, to investigate the real estate title. He found what he considered a defect

in the form of an outstanding dower interest, of which he promptly advised all parties. Certain negotiations followed, as to the details of which the parties differ. Neither of the contracts was carried out. Some time afterward Smythe brought a suit, to which the Goodes were not parties, to remove the cloud from his title, as a result of which it was decreed, in May, 1921, that the dower interest which Mr. Dunlap had considered to be outstanding had been divested prior to the acquisition of the land by Smythe. In September, 1921, Smythe, as plaintiff, brought this action against the Goodes, as defendants, to recover the sum of $2,500.00, alleged to be due as the purchase price of the growing crops sold to the Goodes under the terms of the contract of August 12, 1920. From judgment on verdict for defendants, plaintiff appeals.

In passing upon the exceptions, it is desirable that the nature of the action, as cast by the pleadings, should be kept in view. The complaint alleges: (1) The execution of the contract for the purchase of the crops for $2,-500.00; (2) that the defendants had failed and refused to pay the plaintiff said sum pursuant to the terms of the contract; and (3) that demand had been duly made for the payment of the said sum and payment refused. The answer sets up a general denial and the affirmative defense of rescission. The general denial of the answer put in issue all of the elements of the plaintiff's right to recover upon such a demand and the affirmative defense raised the issue of fact as to a rescission.

Exceptions 1, 2, and 5 assign error in the refusal of the Circuit Judge to direct a verdict in favor of the plaintiff. The motion for the directed verdict was based upon the ground that:

"Under the undisputed evidence the contract, if rescinded, was rescinded by reason of the representations of W. M.

Dunlap, the attorney for the respondents, to the effect that there was an outstanding dower in said land, whereas such statements were erroneous and an incorrect statement of a legal conclusion," etc.

Appellant further complains in this connection (exception 3) that the verdict was contrary to the following instructions to the jury, given by the Court at plaintiff's request:

"If you find from the evidence that the contract was rescinded, and this position was induced by the statement of W. M. Dunlap that Mrs. Fewell had a dower in said land, then the rescission cannot be sustained, and the contract would stand as if no rescission had been attempted."

These exceptions must be overruled. We think that, in any view of the law and the evidence, the trial Judge could not have directed a verdict upon the ground suggested without invading the province of the jury. The testimony of the defendants and of their attorney, Mr. Dunlap, as to the rescission, was to the effect that the contract had been rescinded by mutual agreement, at the instance of the plaintiff, about ten days after it was made. To the contrary, plaintiff testified in substance that he had never agreed to rescind. Moreover, his case was pitched as an action for the contract price of goods, and not for relief from a rescission induced by mistake.

Assuming the doubtful postulate that he was entitled in this action to take both positions—(1) that there was no rescission; and (2) that there was a rescission, which was invalid because induced by mistake—it would seem clear that the plaintiff could not have been accorded more favorable treatment by the Court than he received in having the disputed issue of fact as to rescission submitted to the jury under his requested instructions that, if such rescission had been "induced by the statements of W. M. Dun-

lap," etc., the contract "would stand as if no rescission had been attempted." That instruction, it may be noted in passing, would seem to have been more favorable to plaintiff than he was entitled to. The contention that the jury disregarded that instruction, in that under the undisputed evidence the representation of the defendants' attorney "brought about a frustration of the contract," suggests a question that is not properly before the Court. There was no denial of a motion for a new trial upon that ground, nor other ruling of the Circuit Court, to support an exception directed to that contention. Even if it be assumed, however, that the original contract was in full force and vigor, unaffected by any rescission, and that the trial Judge could properly have so found, on the motion to direct a verdict, there was still the issue of fact as to whether plaintiff had established such performance of his contract for the sale of the growing crops as would entitle him to recover, and, if so, in what amount? We are therefore clearly of the opinion that the motion for direction of a verdict upon the grounds assigned was properly refused.

The remaining exceptions (4 and 6) impute error to the Circuit Judge in charging as follows:

"I charge you, as a matter of law, that where one party seeks to enforce the performance of a contract, whereby a consideration in money is to pass for personal property, he must have in his possession the said property, and be ready and willing to tender the said property in kind at the time of performance."

Plaintiff's cause of action as stated was based upon an alleged right to recover, under an existing and enforceable contract, the full purchase price of goods sold. He was not seeking to recover damages for the breach of the contract. As seller, the plaintiff was not entitled to recover the contract price of property sold without showing performance of the contract on his part. Perfor-

mance on the part of a seller necessarily implies "a delivery, actual or constructive, of the property sold, or an appropriation of it to the contract." 24 R. C. L.; pp. 86, 90; note 51 L. R. A. (N. S.), 735. Appellant's specifications of error as to the charge complained of is this:

"If a delivery cannot be had then the resasonable market value of the property, in its money value, may be awarded in lieu of the personal property in kind."

The application of this criticism to the charge is not clear. Obviously, in an action for the purchase price of property, the seller could not prove performance by showing a tender to the buyer of the market price of the property instead of the property itself. In that aspect there can be no question as to the soundness of the proposition charged —that the seller must have the property and must "be ready and willing to tender the said property in question at the time of the performance."

The exceptions are overruled and the judgment of the Circuit Court is affirmed.