## 11879

### FRANKLIN SUGAR REFINING COMPANY v. MERCHANTS GROCERY COMPANY

#### (130 S. E., 886)

1. FRAUDS, STATUTE OF—ACCEPTANCE OF SUGAR SHIPPED UNDER MEMORANDUM CONTRACT HELD TO RATIFY CONTRACT, TAKING CASE OUT OF STATUTE OF FRAUDS.—Acceptance of sugar shipped under memorandum contract, buyer paying freight and reselling part of sugar, constituted ratification of contract, and took case completely out of statute.

2. SALES—BUYER HELD TO ¡HAVE WAIVED REMEDY UNDER MEMORANDUM CONTRACT BY ACCEPTANCE AND USE OF PART OF GOODS.—Where memorandum agreement provided that no allowance would be made for decline in market, buyer waived his remedy of declining to receive sugar except at market price, by accepting and using part thereof.

3. SALES—ACCEPTANCE BY BUYER UNDER MEMORANDUM CONTRACT LEAVES NO QUESTION FOR JURY.—In suit on memorandum agreement providing for delivery of sugar at certain price, acceptance by buyer recognized contract, and hence there was no question to submit to jury as to existence of contract, or effect of acceptance.

4. SALES—ACCEPTANCE WAIVES RIGHT TO SET UP DEFENSE OF NONDELIVERY UNDER TERMS OF CONTRACT.—Buyer who accepted sugar waived his right to set up noncompliance with contract by failure to deliver at proper time.

5. SALES—ACCEPTANCE ORDER, TRANSMITTED TO SELLER BY AGENT, PROPERLY ADMITTED IN EVIDENCE AFTER BUYER ACTS UPON IT.—Acceptance order for sugar, transmitted by seller's agent to seller, *held* properly admitted in evidence, where buyer had accepted sugar, thereby becoming bound by contract.

6. SALES—COURT MAY PROPERLY DIRECT VERDICT FOR FULL AMOUNT AND INTEREST IN CASE INVOLVING SINGLE TRANSACTION.—Where there is only a single transaction, with one item involved falling due at a stated time, Court may properly direct verdict for full amount with interest from such time.

Before WILSON, J., Marion, Spring Term, 1924.    Affirmed.

Action by the Franklin Sugar Refining Company against the Merchants Grocery Company. Judgment for plaintiff, and defendant appeals.

*Mr. James W. Johnson,* for appellant, cites: *Offer without acceptance:* 130 S. E., 870; 26 S. C., 10; 2 S. C. Eq., 389. *Receiving goods from carrier:* 115 S. E., 814; 35 Cyc., 185, 258 and 262. *Parol testimony to explain contract:* 122 S. C., 314. *More than one inference deducible from given state of facts:* 108 S. C., 356; 101 S. C., 256; 25 S. C., 334.

*Mr. M. C. Woods,* for respondent, cites: *Memorandum of contract satisfying Statute of Frauds: Sugar Co. v. Egerton,* C. C. A., 4th Circuit, opinion filed April 7, 1923. *Acceptance of part of goods:* Civ. Code 1922, Sec. 5517. *Acceptance of goods as waiver of defects:* 87 S. C., 428; 78 S. C., 200. *Time of essence of contract:* 127 S. E., 267; 102 S. C., 289; 95 S. C., 352. *Time for performance waived:* 117 S. C., 240; 63 S. C., 197; 235 U. S., 45.

December 14, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

The defendant appellant is a corporation doing a mercantile business at Marion, S. C.  In 1920, at least up to the middle of that year, it was difficult to obtain an adequate supply of sugar for its customers. During the month of June, Mr. Locke, representing the plaintiff respondent, called upon the defendant at its place of business, and during that visit the testimony shows that the representative of the defendant complained that, while his company had been dealing largely with the plaintiff, the plaintiff was not supplying the defendant with an adequate quantity of sugar. Mr. Locke promised to get for the defendant such an al-

lotment as he might be able to procure from the plaintiff, whose place of business was in Philadelphia, Pa. Mr. Locke having made known to the plaintiff what transpired between him and the defendant, the plaintiff alloted to the defendant a certain quantity of sugar at a fixed price, and on June 28, 1920, sent the defendant a memorandum contract showing the price and the terms, and containing, among other things, the following:

"Shipment during July P. R. R. c/o A. C. L.

"Delivery complete on receipt of goods by carrier. This purchase to be invoiced and paid for at contract price. No allowances will be made for declines in market. This contract contingent on strikes, accidents, fire, or other delays beyond seller's control.

"July delivery—shipment as soon as possible.

"Freight basis—f. o. b.

"Date of shipment—August 13, 1920."

The sugar arrived at Marion on August 25th, and was taken out on August 27th and freight paid by the defendant. At that time sugar had declined 6 cents per pound. The defendant used sugar to the amount of $229.00, which it offered to pay, but refused to pay any greater sum. It wrote to the plaintiff on August 27th as follows:

"Dear Sir: Latter part of June one of your salesmen came into our office and was asking how we were getting on, etc., and we complained to him that while we drew nearly all of our sugar from you when it was plentiful that Mr. Locke had not seen fit to give us any for months and months and very little then, while we did not expect to get the full supply, looked to us that we would get pro rata. On 28th day of June we received sales ticket for 150-2# cartons to be shipped in July or earlier if possible; this sugar was not invoiced to us until the 13th of August and before it came in on the 25th, it was down in price from what you billed it 6 cents a pound. Now we do not feel that we should lose this, had it been shipped in July or earlier we could not

only have gotten the price but a profit and as you did not ship as agreed in July, we think you should take this loss. Kindly give this prompt attention as we wish also our 2 per cent. discount."

The plaintiff declined to accede to the contention made by the defendant, and the defendant wrote to the plaintiff on September 2d as follows:

"Dear Sirs: Yours of the 30th to hand and noted, and we ask you to again read our letter of the 27th. We have only one contention in this mater, and that is you did not deliver this sugar as contracted for; it was to be delivered itn July or earlier, and you did not deliver until latter part of August. On the same principle you could have delivered last of next year, or any other time you saw fit and expect to hold us up to the contract on our part; you have failed to live up to your part of the contract, and this relieves us of the living up on our part. Any loss should be sustained by you. Kindly give this matter prompt attention as we are ready to give our check for the bill less decline and 2 per cent. cash discount."

The final result was the bringing of this suit.

The defendant in its answer admitted the receipt of the sugar, and denied the other allegations of the complaint, and set up the Statute of Frauds, viz., that the shipment exceeded $50.00 in value, and the contract was not in writing, and that defendant did not receive any part of the goods under or by virtue of the contract, or make any payment to bind the alleged bargain, or in part payment. At the conclusion of the testimony, the plaintiff moved for a directed verdict in its favor, and the defendant likewise moved for a directed verdict against it for the $229.00 for the sugar used. The motion of the plaintiff was granted, and a verdict was directed for the full amount, with interest, and the motion of the defendant was refused. From the judgment entered, the defendant has appealed on a number of exceptions.

The defendant received the memorandum in due course of mail, and kept it, and knew its contents. This memorandum contains this sentence: "No allowances will be made for declines in market." This memorandum was retained, and the defendant did not write to plaintiff until after the sugar came. That it did not make a contract in the beginning is manifest. Mr. Lawrence, representing the defendant, testified, referring to Mr. Locke:

"Q. You had some talk with him? A. Yes; I complained to him about not getting any sugar and he said sugar was very scarce and he said he would see what he could do for me. Q. Did he agree to let you have any sugar? A. No, sir. Q. What was the next you heard? A. I got a sales statement, what they call a contract or confirmation, a sales ticket."

This is the memorandum from which we have before quoted.

With full knowledge of its rights, the defendant accepted, paid the freight, took the sugar from the carrier, and sold a part of it, thereby making a complete ratification of the contract. The fact that it had not become a contract was not, up to the time of the suit, a matter of contention. On September 2, 1920, it wrote the plaintiff:

"We have only one contention in this matter, and that is that you did not deliver this sugar as contracted for."

In the same letter the complaint is not that *it had not been contracted for,* but that *it had not been delivered in accordance with such contract.* The defendant attempted to take the position in its testimony that, relying on a course of dealing with the plaintiff, it took the sugar from the carrier and held it until it could be disposed of by the plaintiff. When Mr. Locke made known to the plaintiff the wants of the defendant, the plaintiff promptly advised the defendant that it would ship so much sugar, but it provided in the memorandum sent that it would not stand any decline in

the price of it. This was the condition on which the allotment was made to the defendant, and was notice to it that, if there had been any such custom (sought by the defendant to be invoked) prior to that time, this contract was not made in reference to it. When the sugar came the defendant could have declined to receive it, except at the market price at the time of its receipt, but, without consulting the plaintiff, it took it and sold a part of it, and its acts take the case completely out of the Statute of Frauds. *Realty Co. v. Folk,* 85 S. C., 84; 67 S. E., 156, citing *Louisville Co. v. Lorick & Lowrance,* 29 S. C., 533; 8 S. E., 8; 2 L. R. A., 212. There is not any suggestion that, if sugar had advanced in price, the plaintiff would have gotten the benefit of it.

We have entered into a discussion of the case before stating the exceptions, which exceptions are twelve in number. The first and second exceptions impute error in directing a verdict for the plaintiff, upon the ground that there was no order given by the defendant for the sugar, and that there was no contract of purchase and sale between the parties, and error in not directing a verdict in favor the plaintiff for $229.00, and in not holding that the sugar was used in good faith, relying upon a custom existing between the plaintiff and the defendant. These exceptions are overruled. The defendant recognized the contract as existing, and the contract provided that no allowances would be made for declines in the market, and, as has been shown, that the plaintiff did not deliver the sugar until there was a decline in the price. The defendant waived its remedy by accepting the sugar and using a part of it.

The third, fourth, and fifth exceptions allege error in directing a verdict for the full amount claimed with interest, upon the ground that there was sufficient evidence to go to the jury upon the question of purchase and sale between the parties, and upon the ground as to whether, in receiving the sugar, the defendant accepted it and waived its rights. The price was fixed by the contract,

and letters of the defendant recognized the contract, and the sugar was received and part of it used, and there was, therefore, no question to submit to the jury.

The sixth exception alleges error in directing a verdict for the full amount claimed and interest, in that the evidence shows that if there was a contract, the plaintiff failed to comply with it, by not delivering the sugar, thereby releasing the defendant from the obligation of receiving it. This exception would have been well taken, had not the defendant waived its rights and accepted the sugar and used a part of it without consulting the plaintiff, and this exception is overruled.

The seventh exception alleges error in admitting the paper dated June 28, 1920, designated as an acceptance order transmitted by Locke, in that it was merely a communication by the plaintiff's agent, to the plaintiff, and could not bind the defendant. This was so until the defendant acted upon it and treated it as a contract and thereby became bound by it. This exception is overruled.

Exceptions 8, 9, 10, 11, and 12 allege error in admitting the testimony of W. E. Buchanan, an employee of the plaintiffs, as touching matters which are collateral to the contract. These exceptions in no way affect the merits of the case. There was no error in admitting the testimony complained of, taken in connection with the fact that the defendant accepted and received the shipment of sugar, and completed the contract. These exceptions are, therefore, overruled.

There was only a single transaction with one item involved, falling due at a stated time. His Honor committed no error in directing a verdict for the full amount with interest from the time that the debt became due.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.