## 11909

### GRIGGS-PAXTON SHOE CO. *v.* A. FRIEDHEIM & BRO.

### (131 S. E., 620)

1. TRIAL—TRIAL JUDGE SHOULD NOT EXPRESS VIEWS CALCULATED TO INFLUENCE JURY.—Trial Judge should not indicate opinions or express views calculated to influence jury in deciding a material issue of fact.

2. APPEAL AND ERROR—STATEMENTS OF TRIAL JUDGE, GIVING HIS VIEW OF CASE, HELD HARMLESS, IN VIEW OF FACT THAT HE WOULD HAVE BEEN WARRANTED IN DIRECTING VERDICT.—In action for purchase price of shoes, statements by trial Judge to effect that his view was that shoes had been sent back voluntarily by buyer without authority *held* improper, yet, in view of fact that he would have been warranted in directing verdict, were harmless.

3. SALES—BUYER HAS REASONABLE TIME TO INSPECT GOODS; JURY IS ORDINARILY JUDGE OF WHETHER BUYER HAS ACCEPTED GOODS AFTER REASONABLE TIME FOR INSPECTION.—When goods are shipped, buyer has reasonable time in which to inspect them, and whether he has accepted goods after reasonable time for inspection is ordinarily a question of fact for jury.

4. SALES—BUYER IS DEEMED TO HAVE ACCEPTED SHOES RETAINED FOR MORE THAN ONE MONTH.—Merchant, who had purchased shoes for fall delivery and had accepted and retained shoes for over a month before returning to seller, *held* as a matter of law to have accepted them and waived any defect, notwithstanding that ordinarily such question is for jury.

5. FRAUDS, STATUTE OF—SALES—RETAINING GOODS WITHOUT INSPECTION FOR MORE THAN ONE MONTH TAKES TRANSACTION OUT OF STATUTE.—Buyer, who retained goods without inspection for more than one month, waived any defects, and transaction was taken out of statute of frauds and fact that goods were later returned would not relieve him from liability therefor.

6. APPEAL AND ERROR—CUSTOMS AND USAGES—EXCLUSION OF TESTIMONY RELATIVE TO CUSTOM OF TRADE IN RETURNING GOODS WHICH DID NOT ANSWER TO DESCRIPTION HELD PROPER AND HARMLESS.—In action to recover for shoes which were returned to seller after having been retained for more than one month, exclusion of testimony relative

to custom of trade as to returning goods was proper, since custom cannot change law and harmless where merely offered to show custom in conformity to law.

7. SALES—INSTRUCTION THAT GOODS MUST NOT ONLY BE RETURNED BY BUYER BUT NOTICE GIVEN HELD PROPER.—In action to recover for shoes, which were returned to seller after having been retained more than one month, instruction that goods must not only be returned but notice given, *held* proper.

8. SALES—JUDGMENT AGAINST BUYER, WHO HAD RETAINED GOODS MORE THAN ONE MONTH, PROPERLY TAKEN, NOTWITHSTANDING GOODS HAD BEEN RETURNED TO SELLER.—Judgment against buyer of shoes, who had returned them after retaining them more than one month, was properly taken, notwithstanding that shoes were then in possession of seller since seller had taken charge of goods to prevent a confiscation and loss.

9. SALES—ACCEPTING AND STORING GOODS RETURNED DOES NOT DESTROY SELLER'S RIGHT TO RECOVER.—Accepting goods returned by buyer, after having retained them more than one month and keeping them in storage for account of buyer without notice to buyer, would not destroy rights of seller to recover purchase price.

10. SALES—INTEREST ON PURCHASE PRICE OF SHOES WRONGFULLY RETURNED TO SELLER RECOVERABLE; CORRECTNESS OF ACCOUNT NOT BEING CONTESTED.—Under Civ. Code 1922, § 3636, interest is recoverable on purchase price of shoes, wrongfully returned by buyer, where correctness of account was not disputed, notwithstanding voluntary credit given by seller because of change in price before delivery.

11. ACCOUNT, ACTION ON—"OPEN ACCOUNT" DEFINED.—An "open account" is one in which some item of contract is not settled by parties, or where there have been running, or current dealings between the parties, and the account is kept open with expectation of further dealings.

Before S. McG. SIMKINS, SPECIAL JUDGE, York, April 1924. Affirmed.

Action by the Griggs-Paxton Shoe Company against A. Friedheim & Bro. From a judgment for plaintiff, defendant appeals.

*Messrs. Spencer & White* and *John R. Hart,* for appellant, cite: *Court to charge on law only:* 119 S. C., 149; Const. 1895, Art. 5, Sec. 26. *Remedy of seller for breach of contract before delivery of goods:* 102 S. C., 419; 35

Cyc., 531; 71 A. S. R., 373.  *Delivery prerequisite to action for goods sold and delivered:*  53 Me., 508; 89 Am. Dec., 713; 24 R. C. L., 86-90; 51 L. R. A. (N. S.), 735.  *Statute of Frauds; contract for sale of goods above fifty dollars in value:*  Civ. Code, 1922, Sec. 5517.  *Trade usage as part of contract:*  104 S. C., 435; Riley 218.  *When buyer relieved of duty of accepting goods:*  122 S. C., 484; 37 S. C., 7; 35 L. R. A. (N. S.), 281.  *Account stated:*  100 S. C., 101.  *Claims against corporations bear interest:*  Civ. Code, 1922, Sec. 4273.  *Class legislation:*  79 S. C., 22; 115 Mo., 307; 21 L. R. A., 768; 127 Cal., 4; 78 A. S. R., 17; 262 U. S., 545; 67 L. Ed., 1113; 184 U. S., 540.

*Messrs. Marion & Finley,* for respondent, cite:  *Comments of Court upon facts in passing on admissibility of evidence or motions:*  119 S. C., 219; 113 S. C., 319; 101 S. C., 361; 93 S. C., 15; 91 S. C., 162; 84 S. C., 530; 84 S. C., 4; 81 S. C., 379; 78 S. C., 505; 73 S. C., 379; 71 S. C., 143.  *Goods not accepted when returned:*  24 R. C. L., 86; 52 L. R. A., 244, note.  *Action for purchase price proper after delivery:*  24 R. C. L., 90.  *What amounts to delivery:*  118 S. C., 375; 115 S. C., 430; 24 R. C. L., 90; 25 R. C. L., 630; 31 L. R. A. (N. S.), 942; 51 L. R. A. (N. S.), 744.  *Statute of Frauds must be pleaded:*  86 S. C., 310; 79 S. C., 138; 61 S. C., 398; 55 S. C., 198; 25 R. C. L., 742; 20 Cyc., 311.  *Contract wholly executory not within Statute:*  86 S. C., 312; 11 Rich., 347; 9 Rich., 102; 1 Rich., 199; 1 McM. Eq., 87; 1 S. C., 273; 20 Cyc., 242.  *Part performance takes case out of Statute:*  49 Am. Dec., 337; 25 R. C. L., 620 and 625.  *When receipt of goods becomes acceptance:*  25 R. C. L., 625; 23 R. C. L., 1436; 50 L. R. A. (N. S.), 808; 49 Am. Dec., 337.  *Right to return goods not equal to sample matter of law:*  123 S. E., 769; 27 R. C. L., 155; 24 R. C. L., 211.  *When buyer relieved of duty of accepting goods:*  85 S. C., 492; 74 S. C., 206; 72 S. C., 374; 37 S. C., 8; 2 Rich. L., 40.  *Right*

*of buyer to inspect goods:*  37 S. C., 17; 23 R. C. L., 1434. *Account stated:*  104 S. C., 282; 100 S. C., 101.  *Claims against corporations bear interest:*  Civ. Code, 1922, Sec. 4273.  *Act presumed constitutional:*  115 S. C., 203; 100 S. C., 478; 66 S. C., 227.  *Basis of classification under equal protection clause:*  93 S. C., 122; 229 U. S., 26; 56 L. Ed., 1092; 220 U. S., 61; 55 L. Ed., 369; 217 U. S., 79; 54 L. Ed., 673; 54 L. Ed., 987; 194 U. S., 267; 48 L. Ed., 971.  *Rights of individual and corporation different:* 6 R. C. L., 411.  *Corporate charter may be amended:* Const. 1895, Art. 2, Sec. 9; Civ. Code, 1922, Sec. 4250. *Laws only affecting certain corporations held constitutional; common carriers required to adjust claims within limited time:*  Civ. Code, 1922, Sec. 3887; 79 S. C., 522; 73 S. C., 71; 63 S. C., 175; 237 U. S., 594; 59 L. Ed., 1137; 207·U. S., 71; 52 L. Ed., 108.  *Same; railway corporation liable for fire damage originating on right-of-way:*  Civ. Code, 1922, Sec. 4910; 38 S. C., 103; 165 U. S., 21; 41 L. Ed., 611.  *Same; corporation required to pay wages of discharged laborer within limited time:*  Civ. Code, 1922, Sec. 5592; 96 S. C., 1.  *Same; corporation required to certify non-participation in monopoly:*  238 U. S., 40; 59 L. Ed., 1192.  *Same; corporations alone required to pay back taxes:*  251 U. S., 532; 64 L. Ed., 396.

January 28, 1926.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE PURDY.

In March, 1920, the plaintiff sold the defendant a bill of shoes to be shipped in the fall, and, from the testimony, that means a September shipment, and they were to have been paid for at the end of 30 days, with the privilege of a small stated discount off for cash.  The shoes declined in price, and the plaintiff voluntarily entered two credits on the account, amounting in the aggregate to $120.

The shoes were in 12 cases, bound around with wire.

All of the shipments were made in September of that year, and 90 per cent. of the purchase arrived on the 23d of September, and the other later.

A Mr. Mills was in the employment of the defendant and purchased the shoes for the defendant, by sample. When the shoes arrived, Mr. Mills had left the employment of the defendant. The testimony shows that the shoes were not examined by the defendant on arrival, but that the defendant, between the 20th and 25th of October, 1920, visited the garage of the witness Mills, and, as the result of the conference, Mr. Mills came back to work for the defendant, and this witness stated that the shoes were not examined by him until some time about the 25th of October.

The witness said he opened the boxes and inspected about 60 per cent. of the shoes, and that those that were inspected were not up to the sample in quality and workmanship, and for this reason the witness returned all 12 cases of the shoes to the plaintiff, shipping them to Roanoke, Va., where the plaintiff did business. One shipment was made October 25, and the other was made November 1, 1920, and the defendants claim to have written, giving notice of the return of the goods.

Mr. Friedheim, the president and general manager of the defendant, stated that he examined only a few of the shoes, and that he did not see the samples when the purchase was made.

The testimony tends to show that, when the goods arrived, the plaintiff took them out of the custody of the carrier and stored them for a time at its place of business, and later at a warehouse. There is a singular condition about the case, in that there is not any letter, either from the plaintiff or the defendant in the record, and, if any efforts were made to adjust the matter before suit was brought, there is not any evidence of it in the record.

On April 20, 1921, this action was brought alleging that the shoes, to the amount of $1,787.65, were sold by plain-

tiff to defendant; that a credit of $120 had been allowed; that no part of the amount claimed had been paid; and demanding judgment for the principal sum of $1,667.65, with interest from November 15, 1920.

The cause was not tried until the April term of the Court, 1924, at York, with S. McGowan Simkins presiding as Special Judge. A motion was made for a nonsuit, and was refused. This motion was made on two grounds: First, that the plaintiff's remedy was an action for damages and not a suit on account; second, that the order was in excess of $50, and therefore came under the statute of frauds, and that the goods were returned to the plaintiff without ever having been accepted.

The jury found a verdict in favor of the plaintiff for $2,025, which was the amount claimed, with interest. A motion for a new trial was made and refused. The defendant has appealed on exceptions, 20 in number. The charge of the presiding Judge and the exceptions are voluminous.

During the progress of the trial, it was sought to be shown by several witnesses that it was the custom of the trade to return merchandise when not up to sample. The presiding Judge held that such was a question of law and not a question of the custom of merchants. Several times during the trial remarks were made by the trial Judge in the presence of the jury, and it is alleged that these remarks were prejudicial to the defendant.

The appellant has grouped its exceptions as follows:

"(1) Comments by the Court in admission of testimony (Exceptions 1, 2, 3), involving an indication of its opinion on the facts.

"(2) Error in overruling the motion for nonsuit, with comments of like character. Exceptions 4 and 5.

"(3) Error in refusing certain testimony offered as to the custom of the trade. Exceptions 6 and 7.

"(4) Exceptions 8 to 18, inclusive, assigning error in the charge proper and requests to charge.

"(5) Exception 19, assigning error in refusal of the motion for a new trial.

"(6) Exception 20, assigning error in refusal of motion for a new trial on the matter of interest allowed by the jury."

In reference to the first group involving Exceptions 1, 2 and 3, this Court has laid down the rule in more than one case that a case should be kept free from any statement of facts in issue or expression as to the weight and sufficiency of the evidence, and that a trial Judge should not indicate opinions or express views calculated to influence the jury in deciding a material issue of fact. *Powers v. Rawls,* 119 S. C., 149; 112 S. E., 78. The language particularly complained of in this case is as follows (relating to the defendant) :

"They bought them, and they owe for them unless gave failure of consideration [referring to the shoes], and having refused to accept the goods when they were shipped back, they were shipped back upon the authority and responsibility of the purchaser; in other words, they belonged to the purchaser, and all the title to them by reason of the shipment could not have been changed in law."

And again, the Court said:

"My view of it is, these goods were sent back voluntarily by the party buying them. The witness has testified that he took them in his possession to prevent the accumulation of storage. So far as his testimony goes, I take it that the goods are in his possession, subject to the order of the purchaser."

We think that these statements, made in the presence of the jury, were in violation of the rule laid down by this Court, although, from the testimony, could the trial Judge have been permitted to express his opinion, he would have been warranted in reaching the conclusions which he expressed. Yet, these errors may have been com-

mitted without warranting the granting of a new trial, as was held in *Patterson v. R. R. Co.,* 4 S. C., 153.

3    The law is clear that when goods are shipped a purchaser has a reasonable time in which to inspect them. The rule is well expressed in the case of *Southern Coal Co. v. Rice,* 122 S. C., 484; 115 S. E., 815, where the Court, speaking through Mr. Justice Marion, says:

"If there was a failure on the part of the plaintiff to comply with the express stipulation of the contract to sell and deliver to the defendants goods which fulfilled the description of the thing purchased, and if there was no waiver by the defendants of such breach of the contract, then defendants were relieved of any legal obligation to pay the purchase price."

Whether a purchaser has accepted goods after a reasonable time for inspection, is ordinarily a question of fact for the jury. Id., p. 491. There is not any dispute between the appellant and the respondent on this point. Then with the law stated in reference to the rights of a purchaser, and tested by the law that goods must be inspected within a reasonable time, or else the purchaser would be deemed to have waived any defects—what were the rights of the parties, say on October 25, 1920?

Ninety per cent. of the shipment had been received as early as September 23, 1920, and from the testimony no effort was made to inspect the goods until just about the 25th of October, a little more than one month, and the first return shipment made on October 25th, carried 11 cases, and the twelfth case, coming in soon afterwards, was returned on November 1st, or practically as soon as it came.

This Court has, in reference to other subjects, undertaken to say, as a matter of law, what is "a reasonable time," particularly so as to the exercise of rights under timber contracts. In this case, every sense of reason and of justice requires the application of the rule, as a matter of law.

One significant fact about the case must not be lost sight of. The clerk, Mr. Mills, who bought the goods, had left the employment of the defendant and was working at a garage, and he was re-employed by the defendant, and in a few days thereafter the goods were returned. It is a matter of common knowledge in this State that the fall trade is at its best at the time covered by the period during which these goods were kept in the store of the defendant, and, as a matter of law, this Court holds that the defendant, having kept them during a period of more than one month, is deemed to have accepted them and waived any defect either of workmanship or of quality. To hold otherwise would subject the seller to the whims of the purchaser.

This does not violate the rule that this is ordinarily a question of fact to be left to the jury. When there is no dispute about a fact, and it is subject to only one reasonable inference, there is no longer anything for the jury to determine, and common sense leads one to conclude that keeping the goods for more than 30 days, at that season of the year, was an acceptance of them. Hence the remarks of the trial Judge in the presence of the jury, although erroneous, were harmless.

The presiding Judge was evidently impressed with the justice of the plaintiff's case. In one instance, he attempted to guard his statement from being considered by the jury. Yet we think, notwithstanding his efforts to have justice done in the cause, he went too far in injecting his views to such an extent as to impress the jury, but, as found, even though the jury may have been impressed by the attitude of the Judge, such impression was harmless. The Judge would have been warranted in directing a verdict for the plaintiff, had he been asked to do so.

Exceptions 4 and 5, in the second group, impute error in overruling the motion for a nonsuit. The defendant, having retained the goods without inspec-

tion, thereby waived any defects. The transaction was taken out of the statute of frauds (25 R. C. L., p. 625), and the fact that the goods were returned did not relieve the defendant from liability. The law is correctly stated by the appellant, viz.:

"The seller's remedy for breach of contract of purchase is by an action for damages, and not for the purchase price, and that in an action for goods sold and delivered, actual delivery and acceptance are essential." *Moneyweight Scales Co. v. Gordon,* 102 S. C., 419; 86 S. E., 1060. *Atwood v. Lucas,* 53 Me., 508.

See, also, *Smythe v. Goode,* 121 S. C., 270; 113 S. E., 690. *Hastings-Stout Co. v. Bennett et al.,* 131 S. C., 364; 130 S. E., 334.

This principle, however, has no application to the case at bar. There was not a refusal to accept the goods. The plaintiff not only delivered them to a common carrier, but they were actually received by the purchaser and taken into his place of business, and the right to inspect was waived by him, as we have shown.

Error is alleged in refusing to admit certain testimony as to the custom of trade, and, in support of the appellant's contention, he cited *Burden v. Woodside Mills,* 104 S. C., 435; 89 S. E., 474, in which the Court held:

"The known usages of a trade, business, or calling are presumed to enter into and form a part of contracts made with respect thereto, unless they are excluded or modified by agreement."

The law is correctly stated, but it has no application to the exclusion of the testimony of the witnesses, for the reason that the usages of trade could not alter the law, which is to the effect that a person has a right to return goods if they do not answer to the description of the goods purchased, and the testimony of the witnesses could not change the law, and, in fact, as we understand it, it was not sought to change the law, but simply to prove by

those witnesses a custom in conformity with it, and the exclusion of that testimony was not only proper but harmless.

Exceptions 8 to 18, inclusive, allege error in the charge and in granting certain requests to charge. These exceptions relate to a great extent to alleged errors on the part of his Honor, the trial Judge, in declaring the law in reference to the right to rescind a contract of sale. Having found that the defendant accepted the goods and waived the right to inspect and return them, if becomes unnecessary to discuss these exceptions.

It is argued at considerable length that it was error in telling the jury that the goods must not only be returned, but that notice must be given. If the return of the goods without explanation would be sufficient at law if the goods were not such as were bought, and the defendant returned the goods without any notice or any statement of the reason for returning them, it would be such arbitrary conduct on its part as to warrant the assumption that the goods were arbitrarily returned. In *Southern Coal Co. v. Rice,* 122 S. C., 491; 115 S. E., 817, we find:

"In such case, if, after discovery of the defect the purchaser does not promptly notify the seller and offer to rescind by returning the goods or placing them at seller's disposal, there is an acceptance which is evidence of waiver of any objection that the goods do not correspond to the description."

But the defendant says that, if this judgment is allowed to stand, we will have the anomalous condition of a judgment against the defendant for goods which it has never received, and which are in the possession of the plaintiff. A sufficient answer to this is that it received the goods and accepted them. Deflation commenced in midsummer, 1920, and made it difficult for people to make a profit on goods bought in a higher market. In these circumstances, with the market falling, as is shown by the testimony, self-interest and fairness to the plaintiff should

have prompted the defendant to inspect the goods and to quickly dispose of them, and no Court would permit him to hold them for more than 30 days and then return them to the seller depreciated in value, and it would be most inequitable, in such circumstances, to permit the defendant to do so.

The plaintiff could have permitted the goods to remain in the custody of the carrier and be sold for freight. Having an account against the defendant, and not knowing how it would terminate, it did what it deemed to be the wisest thing, it took care of the goods to prevent a confiscation and loss, and, instead of being hurtful to the defendant, these acts were beneficial.

Just before the trial came on, it shipped the goods to Rock Hill, and then diverted them to York, intending to have them at the trial, but it seems that for some unaccountable reason they had not been received at the time of the trial, but Mr. Griggs, one of the plaintiffs stated that they were in a position to deliver the goods to the defendant. If the defendant suffers a heavy loss, it will be through its own fault in setting in motion a train of circumstances when it returned the goods which have resulted in a loss.

The attention of the Court is called particularly to the exceptions raised to a refusal to grant a new trial. One of the grounds is that the plaintiff had accepted the return of the goods without any notification to the defendant, and that no tender of the goods had been made preceding or at the trial, in performance of the contract, and therefore the plaintiff's remedy was an action for damages for breach of the contract.

'What took place from November until the next April, when the suit was brought, is not discussed in the record. There is no evidence of any correspondence between the parties. Having once delivered the goods to the defendant, and the defendant having improperly parted with the possession of them, it was its duty to

look out for its own interest; while the plaintiff might have given notice that it would not accept the goods, but was keeping them in storage for the account of the defendant, the fact that it did not do so cannot destroy its rights to recover.

On the motion for a new trial, the Court was asked to set aside the verdict in any event, unless the interest was remitted. This point is argued at great length, first, upon the ground that there is no evidence tending to show that there was an account stated, but there was evidence that the defendants denied the account and consistently refused to pay it, and, further, that, if the recovery of interest is allowed in this case, the cases in this state in reference to an account stated will be overruled. The appellant takes the ground, further, that the provision of the statute (Volume 3, Code of S. C., 1922, § 4273), allowing interest to be charged against corporations, is unconstitutional.

It is not necessary to consider whether this act is unconstitutional. The same volume of the Code of 1922, § 3636, declares that interest is allowed "in all cases of accounts stated; and in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law." This section is as plain as it can be. The dealings between the parties did not make this an account stated. There was a single transaction. Goods were sold at a single price, amounting to so many dollars, which was proven by the plaintiff, and as to which there was no dispute whatever on the part of the defendant. Its defense is that it did not accept the goods, but, on the contrary, returned them, and that they were accepted by the plaintiff. There is not a word said by the defendant as to the incorrectness of the account.

While it is true that the plaintiff voluntarily gave a credit on the account, this did not arise out of any question as to the correctness of the account, but was a purely voluntary act on the part of the plaintiff and did not involve any

- mutual dealings between the parties, nor did it change the certainty of the amount due. Therefore this is not an open account, nor is it an account stated, but comes under that provision of the statute, answering to the description of a case wherein a sum of money has been "ascertained, and, being due," draws interest according to law. *Franklin Sugar Refining Company v. Marion Wholesale Grocery Company,* 130 S. E., 886; 133 S. C., 274.

An open account is defined to be:

11 "One in which some item of the contract is not settled by the parties, whether the account consists of one item or many, or where there have been running or current dealings between the parties, and the account is kept open with expectation of further dealings." *Battle v. Reid,* 68 Ala., 149, 152. *McCamant v. Batsell,* 59 Tex., 363, 368.

"An open account is one in which the amount due has not been ascertained or fixed either by the act and agreement of the parties or by operation of law." *Hargroves v. Cook,* 15 Ga., 331, 332.

"An account is open and current when it is running, not closed, settled or stated, so that there are reciprocal demands between the parties—something upon which either party could sustain an action." *Taylor v. Parker,* 17 Minn., 469, 473 (Gil., 447).

If errors were committed by his Honor, the trial Judge, in his charge and in the requests to charge, they do not affect the merits of the case.

The judgment ought to be and is affirmed.

MESSRS. JUSTICES WATTS and COTHRAN and MR. ACTING ASSOCIATE JUSTICE J. H. MARION concur.

MR. CHIEF JUSTICE GARY did not participate.